## Taylor's Executor et al. v. Broadway Methodist Church of Paducah et al.

(Decided Feb. 5, 1937.)

J. D. MOCQUOT and ROBERT B. REED for appellant.

W. F. McMURRY and DAVID R. REED for appellee Broadway Methodist Church.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

Adine Morton Taylor died testate in the month of July, 1935, a resident of Paducah, McCracken county, Ky. In her will she nominated the Citizens Savings Bank at Paducah executor, and it accepted the trust and entered upon the discharge of its duties. But, being uncertain as to the meaning of a certain clause of the will and the rights of the beneficiaries thereof, the executor brought this suit in the McCracken circuit court for the purpose of having the will construed.

The will consists of about thirty items, but the construction of clause 28 only is in controversy on this appeal, and it is unnecessary to discuss other parts of the will except in so far as they may be of assistance in the construction of the clause in controversy, which reads:

"I give and bequeath to my two sisters, Susan W. Morton and Cherie Morton, or the survivor of them, all of my right, title and interest in and to the Taylor Building, corner Fourth and Broadway Streets in Paducah, Kentucky, and upon the death of the survivor of my said sisters, my interest in said building to my cousins, Cherie Adine Fiel of Ironton, Ohio, and Adine Morton Gaines of Bowling Green, Kentucky."

At the time the will was written and at the death of the testatrix there was a certain mortgage indebtedness against the said Taylor building devised in the clause quoted above, and the precise question here in-

volved is whether the devisees took the building cum onere or whether the executor of the testatrix' estate should pay the indebtedness out of other assets of the estate and the devisees take the property free of any incumbrances. A determination of this question necessarily involves the will as a whole and the nature of the estate.

The testatrix owned the lot or ground in fee on which the Taylor building was erected, but she only owned a part interest in the building. It appears that many years ago a building which was erected on the lot was destroyed by fire and, while the lot was vacant, the testatrix leased it to the Taylor Real Estate Company, a corporation, for a period of sixty years, and the lessee company constructed on the lot an office building which was financed principally with money borrowed by it from the Metropolitan Life Insurance Company, in the sum of approximately $40,000, which loan it secured by a mortgage on the building, and the testatrix also indorsed the note as surety. At the time of the death of the testatrix a part of the debt on the building had been paid and the rent on the lot had been paid to date.

By clause 1 of the will the testatrix directed that all her just debts and funeral expenses be first paid out of her estate, and by various other clauses she made specific bequests to churches and individuals, aggregating the sum of $14,500. She also devised to her husband, John Q. Taylor, her property known as the J. C. Penny building on Broadway in Paducah, for life, with remainder to another, and by another clause she devised to her husband their home on Broadway, and two-fifths interest in an undivided one-half interest in the property known as the Shamrock Apartments; and in clause 29 of the will she provided for the payment of the specific bequests out of the proceeds of the sale of certain property, as follows:

"For the purpose of the payment of the specific bequests hereinbefore made, it is my wish that any intangible personal property of which I may be possessed, and three-fifths of my undivided interest in the Shamrock Building in Paducah, Kentucky, shall be sold by my hereinafter named executor for the payments of such bequests, and that the same shall be paid in full if the said property

shall be sufficient for that purpose, and if same shall be more than sufficient for that purpose, then the surplus, if any, I give and bequeath to my husband, John Q. Taylor, but if the same shall not be sufficient for that purpose, then the specific bequests herein mentioned shall share pro rata in the amount available out of my said estate herein disposed of for that purpose.''

Susan W. Morton and Cherie B. Morton, devisees mentioned in clause 28 of the will, filed their answer in which they joined in the prayer of the petition for a construction of the will. The Broadway Methodist Church filed its answer in its own behalf and other legatees similarly situated, joining in the prayer of the plaintiff for a construction of the will, but asked that the court construe clause 28 of the will to mean that the devisees mentioned therein take the Taylor building cum onere.

The case was submitted on the pleadings, whereupon the court adjudged as follows:

''That the property devised by the will of plaintiff's decedent, known as the Taylor Building in Paducah, Kentucky, to Susan W. Morton, Cherie G. Morton, Cherie Adine Fiel and Ann Morton Gaines, encumbered as set out in plaintiff's petition, was and is taken by said devisees cum onere, and subject to the existing mortgage on said premises held by and in favor of the Metropolitan Life Insurance Company of New York, and that said indebtedness on said Taylor Building is not, as same exists, a debt of the estate of plaintiff's decedent, Adine Morton Taylor, except insofar as said property and premises known as Taylor Building shall not be sufficient in value, if and when sold at public or private sale, to discharge the said indebtedness due to said Metropolitan Life Insurance Company, and that the devisees of plaintiff's decedent, Adine Morton Taylor, cannot be required to contribute in whole or in part to the satisfaction of said indebtedness due to said Metropolitan Life Insurance Company of New York, unless the said Taylor Building shall sell for a sum, either at public or private sale, insufficient to discharge said indebtedness due to said Metropolitan Life Insurance Company of New York, and that the unde-

vised estate of plaintiff's decedent shall not be sufficient to discharge and pay off the specific legacies under the will of plaintiff's decedent, together with all costs, taxes and costs of administration.''

The plaintiff (executor) and the devisees under clause 28 of the will excepted to the above judgment, and this appeal results.

In brief of plaintiff no particular construction of the will is insisted on, and it only asks for a construction of the will for the purpose of its guidance and protection in the settlement of the estate. But the devisees under clause 28, to whom the Taylor building was devised, earnestly insist that the court erred in its construction of that clause and that the indebtedness against the Taylor building is a debt of the testatrix, and under clause 1, providing for the payment of her debts, the claim of the insurance company as against the Taylor building should be paid by the executor out of the estate of the testatrix, even though it may consume all or a large portion of the bequests and devises made to others metioned in the will in addition to the property specifically directed to be sold for the purpose of paying the bequests. It is the contention of the appellees, the Broadway Methodist Church and others similarly situated, that the judgment of the court is correct and should be affirmed.

In Hedger, etc., v. Judy, etc., 95 Ky. 557, 26 S. W. 586, 587, 16 Ky. Law Rep. 163, Sanford Hedger left a will by which he made certain bequests and provided for the payment of his funeral expenses, expenses of settlement of the estate, and all his debts. The will also contained this clause:

"I give and devise to my brothers, Johnethan Hedger and James Hedger, my farm upon which I now reside, containing about three hundred acres of land, being the same tract purchased by me from my father, Jacob C. Hedger, deceased. And this devise is made to them for the love and affection I have to them and for their services in settling up my estate. And they, upon accepting the devise, are to make no charge for their services as my executors for settling my estate, and no allowance is to be made to them by the court therefor.''

At the date of the will and the death of the testator there was an unpaid purchase-money lien against the land devised, to the amount of $4,001. One of the questions presented for determination in that case was whether the testator intended the devisees of the land to pay that sum out of their own means, or with the assets of his estate. In holding that the devisees of the land took it cum onere, the court said:

> "And, nothing to the contrary appearing, a reasonable inference would be that the amount of unpaid purchase price of the land devised to them was regarded by him as one of his debts intended to be thus paid. But it seems to us, looking to the general tenor and purpose of the will, and giving effect to each part so as to make the whole instrument consistent and reasonable, the conclusion necessarily follows that he intended his two brothers Johnethan and James Hedger to take the farm devised to them cum onere, and to release it from the existing lien with their own means, and not by using assets of the estate."

It was further pointed out in that opinion that, if the indebtedness against the land should be paid out of the estate, it would render nugatory all provisions for other devisees and was unreasonable to suppose that the testator intended a futile thing.

In the present case the personal bequests amounted to $14,500 excluding the real estate devised to John Q. Taylor, and it is obvious that if the indebtedness against the Taylor building should be paid out of the estate, it would consume a large portion, if not all, of the estate and render nugatory the bequests made to others. The will clearly indicates that the testatrix knew her estate and the value of same and, if she had intended to charge her estate with the Taylor building indebtedness, evidently she would not have made the other bequests or would have provided for the sale of more of her property for the payment of the bequests than she made, as set out in clause 29 of the will. She evidently had in mind that the provision made for the payment of these bequests was sufficient, and this alone negatives any idea that it was her intention to charge her estate with the indebtedness against the Taylor building which would have resulted practically in the defeat of many other bequests and would have bestowed

upon the devisees of the Taylor building practically all of her estate to the exclusion of others.

Furthermore, it will be noticed that the indebtedness against the Taylor building was primarily that of the Taylor Realty Company, the testatrix being an indorser only on the note, which rendered her secondarily liable, and, as stated in the judgment of the chancellor, it was not, as it then existed, a debt of the testatrix. It will also be noticed that in devising the Taylor building she used these words: "All of my right, title and interest in and to the Taylor Building, * * *" while no such language appears in other clauses of the will. Evidently she had in mind that she only owned a certain interest in the building and she was only secondarily liable on the note or indebtedness to the insurance company, which she might eventually be required to pay or such portion thereof as the Taylor Realty Company should fail to pay.

It will also be noticed that in the Hedger Case, supra, the unpaid purchase money against the land devised was a direct obligation of the testator, whereas in the present case the testatrix was only an indorser of the note evidencing the indebtedness against the Taylor building, which might or might not become a debt against her or her estate.

In the construction of wills, the instrument must be construed as a whole according to its own terms and in the light of the circumstances of the testator, the nature and character of the property devised, and therefore the same word or sentence used in different wills may be given different constructions. Goodloe's Ex'r et al. v. Asa Fuller et al., 207 Ky. 765, 270 S. W. 23.

It follows that the particular clause (28) in question in the present case might be construed in some wills to mean that the devisees would be entitled to contribution or even take the property free of any cost on their part. But, in view of the nature of the will as a whole and the character of the property devised, we are constrained to the view that this case is governed by the Hedger Case and the devisees of the Taylor building took the property cum onere.

Judgment affirmed.