ORANGE BELT AUTO LINE, A CORPORATION, *Plaintiff in Error,* v. FREDERICK A. HARFORD, *Defendant in Error.*

Division B.

Opinion Filed June 2, 1926.

*E. W. & R. C. Davis,* for Plaintiff in Error;

*Landis, Fish & Hull* and *Erskine W. Landis,* for Defendant in Error.

BUFORD, J.—The defendant in error, the plaintiff in the court below, sued the plaintiff in error, the defendant in the Court below, in an action to recover damages for injuries alleged to have been inflicted upon the plaintiff by the negligent operation of a passenger bus belonging to the defendant while plaintiff was a passenger for hire thereon.

The defendant on the 19th of November, 1924, pleaded not guilty and on the 16th day of April, 1925, tendered to

the Court, to be filed, two additional pleas in the following language, to-wit:

"1. That since the last pleading in above cause the defendant has satisfied and discharged the plaintiff's claims and demands by payment.

"2. And for further plea in this cause defendant says plaintiff ought not to have or maintain action against it, the said defendant, for he says that after the last pleading in said cause the defendant agreed to and with said plaintiff to deliver to said plaintiff its bank check in the sum of Five Hundred Dollars ($500) which bank check would on presentation be paid in satisfaction of claims or demands of any kind or nature growing out of alleged cause of action in said cause, and in accordance therewith the said defendant delivered to said plaintiff his bank check drawn on Union State Bank of Winter Park and had at that time on deposit in said bank sufficient funds to pay same, and same would have been paid on presentation, and said plaintiff accepted said check in full satisfaction of claims or demands of any kind or nature growing out of said alleged · cause of action, all of which said defendant is ready to verify."

These pleas were verified by the affidavit of the defendant on the 16th day of April and the Court made an order allowing the defendant to file the first plea above quoted and denying him the right to file the plea marked 2, called the second plea, to which latter ruling the defendant then and there noted his exception.

The plea may not be as perfectly drawn and constructed as would be expected in a case where such able counsel as those representing the defendant had the preparation thereof, but it does present a statement of sufficient facts to constitute a good defense to the further prosecution of the action by the plaintiff; it does allege as is required by the statutes that the defense accrued after the last plead-

ing in the case and it is supported by the affidavit of the defendant and therefore the defendant complied with Section 2657, Revised General Statutes of Florida, and it was error for the Court to refuse to allow him to file such plea. The pleas should have been filed and disposed of by appropriate procedure thereafter. The sixth ground of the motion for a new trial alleges this action of the Court as error. The thirty-ninth assignment of error is addressed to the order of the Court overruling defendant's motion for a new trial.

There are thirty-nine (39) assignments of error presented. It will serve no good purpose to discuss many of these assignments of error. The eighth assignment of error is based upon the fact that the Court gave charge number two (No. 2) requested by the plaintiff, which was in the following language:

"The Court further charges you that the only plea of defense filed herein by defendant is that of 'not guilty.' This operates as denial only of the breach of duty or wrongful action alleged to have been committed by the defendant in the several counts of the declaration and nothing more."

Assignment number thirty-four (No. 34) is based upon the action of the Court in giving charge number one (No. 1) of its own motion in the following language:

"In this case there has also been injected another issue, that is settlement or payment and satisfaction, and the Court charges you that even though the evidence may disclose a liability on the part of the defendant for negligent injuries to the plaintiff, if you should find from the evidence, under the instructions given you by the Court, that such injuries have been fully compensated and paid for by the defendant to the plaintiff, then your verdict will be in favor of the defendant, even though it might have been negligent."

These charges cannot be reconciled one with the other. The charge last quoted given by the Court of its own motion does not correctly state the law.

In cases of this character when a settlement has made between the parties it is not necessary that the amount paid by the defendant fully compensates the plaintiff for his injuries sustained but it is sufficient if the amount paid is that amount which the plaintiff, being competent to deal for himself, is willing to accept in full satisfaction and settlement of his alleged claim. Stockton vs. Frey, 4 (Gill) Md. 406, 45 Am. Dec. 138; Curley vs. Harris, 11 (Allen) Mass. 112; Luddington vs. Miller, 53 N. Y. 643; Hayes vs. East Tenn., etc., R. Co. 89 Ga. 264, 15 Southeastern 361.

It appears in this case that the charges above referred to could reasonably have misled and confused the jury to the injury of the defendant and where it so appears a new trial should be granted. A. C. L. R. R. vs. Wallace, 61 Fla. 93, 54 South. Rep. 893; Potts vs. House, 6 Ga. 324, 50 Am. Dec. 329, 120 R. C. L. 268; West vs. Weatherly, 59 Go. 559, Louisville & Nashville R. Co. vs. Sullivan Timber Co., 126 Ala. 95, 27 South. Rep. 760, 29 Cyc. 786, and notes.

The result of the consideration and determination of these assignments of error will reflect the enunciation of the law to be applied to questions raised by the assignments of error involving like principles and therefore it will not be needful to discuss the several other assignments of error.

For reasons stated the judgment is reversed and the cause remanded for a new trial.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur;

BROWN, C. J., AND ELLIS, J., concur in the opinion.