ERNEST MACH v. MARY SELINA MOSGROVE and OTTO MACH, as Executors of the Estate of Emil Mach, deceased.

174 So. 20.
Opinion Filed March 12, 1937.
Rehearing Denied April 8, 1937.
Second Petition for Rehearing Denied May 10, 1937.

*Lawrence Rogers* and *G. P. Garrett,* for Plaintiff in Error;

*Hugh Akerman, W. H. Dial* and *Ellis F. Davis,* for Defendants in Error.

WHITFIELD, P. J.—Ernest Mach brought an action of assumpsit in common counts on an open account with bill of particulars against the executors of Emil Mach. There were pleas of (1) never was indebted as alleged; (2) the alleged cause of action did not accrue within three years *before this suit;* (3) Payment; (4) a prior suit on the same account still pending; and five pleas of set-off. Issue was joined on pleas one, two and three. The fourth plea was eliminated on demurrer. A replication of never was indebted as alleged was filed to the five pleas of set-off. A motion to strike the second plea of the three-year statute of limitations *before suit was brought* was made early in the trial, but was not ruled on at that time. Counsel for plaintiff suggested that defendants could amend the plea. Counsel for defendants said:

"We can file an additional plea alleging the cause of action did not accrue within the three years prior to the date of the death" of defendants' decedent.

The court said:

"I thought we could go ahead with the case and take up this motion later before the case goes to the jury. I am deferring ruling."

After the evidence was in the court granted a motion to strike the second plea and allowed a plea to be filed averring "that the plaintiff's cause of action did not accrue within three years *prior to the date of the death* of Emil Mach." Plaintiff excepted.

The last item on the bill of particulars was dated March 22, 1930, more than three years prior to the death of Emil Mach on May 7, 1933. Plaintiff sought to avoid the plea of the three-year statute of limitations by showing that he and the decedent, Emil Mach, jointly owned a piece of real estate, and that the decedent in his life time had paid the State and county taxes on the property, for the plaintiff's portion of which taxes the estate was entitled to a credit on the plaintiff claim; and it is contended that the credit if made would prevent the running of the statute of limitations against plaintiff's claim.

The plaintiff testified that he did not know the decedent had paid the said taxes until after the death of the decedent. There was no credit for plaintiff's portion of the taxes on plaintiff's bill of particulars filed with the declaration against the executors of the decedent's estate. Nor was legal evidence that the decedent had authorized the plaintiff's portion of the taxes to be credited to Ernest Mach, the plaintiff, on the account between them here sued on.

The court ruled that such a credit on the account against the executors sued on could not now be made to avoid the statute of limitations as a bar to the plaintiff's alleged cause of action, holding also that plaintiff could not testify as to authority given plaintiff by the decedent in his lifetime to

have credit given to plaintiff in their accounts, in view of. Section 4372 (2705) C. G. L.

Defendants then withdrew their pleas of set-off by permission of the court. Plaintiff excepted and took "a voluntary non-suit, with bill of exceptions" under the statute. Secs. 4617 (2907) 4357 (2690) C. G. L.

The order permitting the additional plea of the three-year statute of limitations to be filed at the close of the evidence, could not have been harmful to the plaintiff in view of the previous action taken relating to the filing of such plea and in view of the evidence adduced to prove the claim as shown by the bill of particulars filed with the declaration, all the items claimed being barred by the three-year statute of limitations.

This is not a case of partial payment by a debtor to a creditor which might toll the statute of limitations; but it is a claim by an alleged creditor plaintiff of authority to make a credit on an account against a deceased debtor of an amount paid by the debtor to a third person for the benefit of the creditor, which would toll the statute of limitations to avoid a plea of the statute as a bar to the action. The right to make the credit to the deceased debtor's executors on plaintiff's account against the deceased debtor is claimed under asserted general authority given by plaintiff by the deceased debtor before his death, to credit on any open account of the plaintiff against the decedent, any amounts paid by the decedent before his death for taxes due by the plaintiff. The credit was not included or referred to in the bill of particulars filed with the plaintiff's declaration. Plaintiff testified that he did not know of the particular payment by the decedent of the taxes due to be paid by the plaintiff until after the decedent's death.

The statute, Section 4372 (2705) C. G. L. forbids the

plaintiff to testify as to the asserted authority to make credits given him by the decedent in a verbal communication or transaction between him and the decedent; and items, which may include credit amounts now claimed by the plaintiff contained in a bill of particulars filed with defendant's pleas of set-off, are not competent to be adduced in evidence by the plaintiff to avoid a plea of the statute of limitations, after the pleas of set-off are withdrawn, and authority to the plaintiff to make the credit claimed is not duly shown to have been given the plaintiff or otherwise directed or agreed to by the decedent in his lifetime.

Affirmed.

ELLIS, C. J., TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.

### ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing, the court, in order to correct an error in a statement of fact, orders that the last paragraph of the opinion be amended so as to read as follows:

The statute, Section 4372 (2705) C. G. L., forbids the plaintiff to testify as to the asserted authority to make credits given him by the decedent in a verbal communication or transaction between him and the decedent; and items, which may include credit amounts now claimed by the plaintiff contained in a bill of particulars filed with defendants' pleas of set-off, are not competent evidence for the plaintiff to avoid a plea of the statute of limitations when authority to the plaintiff to make the credit claimed is not duly shown to have been given the plaintiff or otherwise directed or agreed to by the decedent in his lifetime.

Rehearing denied.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.