MARY ETTA JONES and husband, W. R. JONES, v. EDITH C. ALLEN, as Administratrix of the estate of Bundy Allen, deceased.

184 So. 651.

Division A.

Opinion Filed October 31, 1938.

Rehearing Denied December 10, 1938.

*Fielding & Duncan,* for Plaintiffs in Error;

*Baxter & Clayton, Clara B. Floyd* and *Clark Gourley,* for Defendant in Error.

TERRELL, J.—The plaintiff in error, Mary Etta Jones, was injured in an automobile accident November 23, 1935, in Levy County. Bundy Allen of Hillsborough County was the owner and driver of the automobile which collided with the motor bus in which Mary Etta Jones was riding and he

(Allen) was killed in the same accident. Edith C. Allen was appointed administratrix of Allen's estate.

In February, 1936, Mary Etta Jones, joined by her husband, W. R. Jones, brought this action for personal injuries against said administratrix. The pleadings were filed, the issues were perfected and the cause was ready for trial at the September Term, 1936. Over the objection of the plaintiff, defendant was on September 23, 1936, permitted to file a new and an additional plea to the declaration. Replications to said additional plea were then filed and demurrer thereto was sustained. A final judgment was entered on the demurrer and the instant writ of error was prosecuted.

The first question presented is whether or not an action for personal injuries against the representative of an estate is barred because of failure of the claimant to file in the office of the County Judge a sworn statement in writing of his claim or demand within eight months from the time of the first publication of the notice to creditors.

The answer to this question turns on the interpretation to Section 120 of the Probate Act of 1933, Section 5541 (92) Vol. 5, Permanent Supplement, Compiled General Laws of 1927, the pertinent part of which is as follows:

"No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee or devisee of the decedent unless the same shall be in writing and contain the place of residence and post office address of the claimant and shall be sworn to by the claimant, his agent or attorney, and be filed in the office of the County Judge granting letters. Any such claim or demand not so filed within eight months from the time of the first

publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise: * * *"

A proviso to the Act as quoted enumerates certain exceptions but none of them covers the claim in question so we do not list them here.

The record discloses that the first notice to creditors was published January 18, 1936. The time for filing a sworn statement of Mrs. Jones' claim in writing with the County Judge expired by terms of the Act September 18, 1936. The additional plea filed September 23, 1936, suggested that no such claim had been filed as the law directed and being so, it could not now be asserted. The trial court sustained the plea. The plaintiff later on September 29, 1936, filed her claim as directed.

We think the judgment of the trial court was correct. The statute in terms applies to all claims or demands, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages and if not done, declares them void even though they have been recognized and payments made on them. The Act, in other words, was designed to cover every claim against the estate of a deceased person except those in terms excepted by the proviso and the claim brought in question is not within the exceptions. Smith, Liquidator, v. Fechheimer, *et al.,* 124 Fla. 757, 169 So. 395; Brooks v. Federal Land Bank of Columbia, 106 Fla. 412, 143 So. 749; Ramseyer v. Datson, 120 Fla. 414, 162 So. 904.

We are also of the view that the plea raising this question was seasonably interposed. While the issues in the case have been perfected, the trial had not been held and the defense did not accrue until the eight months period ex-

pired on September 18, 1936, and the plea in bar raising the defense was filed September 23, following in the manner required by the statute. Section 4323, Compiled General Laws of 1927; Orange Belt Auto Line v. Harford, 91 Fla. 1011, 109 So. 201; Mach v. Mosgrove, 127 Fla. 446, 174 So. 20; Rominson v. Hartridge, 13 Fla. 501.

It is the policy of the law in this State to permit additional pleas any time before verdict and to allow amendments in pleading any time if they will facilitate a presentation of the merits. The time and conditions under which they will be allowed is vested in the discretion of the trial court. Section 4295, Compiled General Laws of 1927.

It is contended by Appellant that the fact of filing this action in the Circuit Court against the personal representative of the deceased was sufficient compliance with the requirement of the law that it be filed in writing and sworn to with the County Judge. This Court has repeatedly rejected such a contention. Douglass, Inc., v. McRainey, 102 Fla. 1141, 137 So. 157; Smith, Liquidator, v. Fechheimer, 124 Fla. 757, 169 So. 395. The purpose of the statute was to expedite the disposition of estates and we fail to read such an exception into it. *In re:* Wood's Estate, 133 Fla. 730, 183 So. 10.

Likewise there is no merit in the contention that the Legislature is without power to invalidate a claim not presented in the manner required here. Statutes of non-claims have been in effect in this State for more than one hundred years and have been frequently recognized and upheld by the courts. Such statutes are within the legislative prerogative and are essential to the disposition of stale demands and the expeditious handling of estates.

The judgment below is free from error and is affirmed.

Affirmed.

Ellis, C. J., and Buford, J., concur.

Whitfield, P. J., and Brown and Chapman, J. J., concur in the opinion and judgment.