THE GREAT ATLANTIC & PACIFIC TEA COMPANY v. J. H. DALLAS.

192 So. 867

Special Division A

Opinion Filed January 2, 1940

Paul M. Souder and Bussey, Mann & Barton, for Plaintiff in Error;

C. L. McKaig, for Defendant in Error.

THOMAS, J.—Trial of this case was held upon issues formed by the amended declaration, consisting of three counts, and three pleas thereto.

The first count contained allegations that defendant was operating a chain of stores and that plaintiff was employed as a clerk in one of them; that the employer disregarded its duty to provide a reasonably safe place for plaintiff to work, by using adjacent property which was not protected against the weather so that the floor became slippery from rain and plaintiff "slipped and was injured by falling over a wooden box." The second count added that defendant failed to apprise plaintiff of the condition of the floor and the third that plaintiff "willfully, wantonly, knowingly, negligently and carelessly" failed to furnish a safe place to work by occupying a building the floor of which had become rain-soaked.

The pleas eventually allowed by the judge were: not guilty and contributory negligence and one asserting plaintiff's duty to have been "that of selling and dispensing meats only and that he had nothing to do with or concerned with any other duty therein."

The plaintiff recovered and the defendant appealed.

The action of the trial court in approving demurrers to defendant's plea of assumption of risk is assigned as error. These were designated: Plea No. 5, Amended Plea No. 5,

Additional Plea No. 10, "trial amendment * * * being defendant's third and additional plea" and "trial amendment * * * being defendant's fourth and additional plea."

The first plea dealing with the subject of assumption of risk, after setting out the relationship of the parties and general plan of operating the store, asserted that if the alleged dangerous condition existed it "was as equally apparent to plaintiff as to the defendant and could have been observed by the plaintiff by the use of ordinary care and diligence and that by his use of said premises in its unsafe condition as alleged in plaintiff's declaration he assumed the risk of his said use thereof."

Added to this statement was one that defendant's plight was not due to the alleged fall but to a chronic condition called phlebitis from which he had long suffered.

A demurrer to this plea and others was sustained because the "plea of not guilty herein interposed by defendant would admit any testimony which would be admissible under said pleas."

Thereupon Amended Plea No. 5 was filed, in substance the same as the original, except that reference to the diseased condition was deleted. At the same time Additional Plea No. 10 was lodged averring that the plaintiff was fully aware of the alleged defective conditions, voluntarily worked in them without objection or assurance of any improvement by the employer and thereby assumed the risk. Demurrer to them was presented on the ground, among others, that any testimony introducible under them would be admissible under the plea of not guilty.

The court's order sustaining the second demurrer to Amended Plea No. 5 and Additional Plea No. 10 did not give reasons for the ruling.

Thus on the eve of the trial there remained three pleas

of the defendant. At that time defendant asked to withdraw all of the pleas theretofore filed save the one of general issue and to substitute for them four others. Over plaintiff's objection two were approved, two disapproved, so that when the jury was sworn the pleadings were of the status outlined at the outset of this opinion.

The two pleas disallowed were those described as "trial amendments" and as defendant's "third and additional" and "fourth and additional" pleas.

The distinct impression from the rulings on the pleadings setting up the defense of assumption of risk is that the judge ruled against the pleader because evidence under the pleas could be introduced under the one of not guilty. Therefore, we will deal with the question in the abstract without passing on the sufficiency of the defenses of assumption of risk as presented. This defense must be pleaded by the defendant if he is to avail himself of it, and when adopted he must prove it. Southern Turpentine Co. v. Douglass, 61 Fla. 424, 54 South. Rep. 385.

The plea of not guilty or general issue casts upon the plaintiff the burden of proving the wrongful act or breach of duty. Dowling v. Nicholson, 101 Fla. 672, 135 South. Rep. 288. Error was, therefore, committed when defendant was precluded from undertaking to establish an affirmative defense on the theory that the evidence on which he relied could be received on an issue of breach of duty or wrongful act where the responsibility of proof rested upon his adversary.

With reference to the attempt to file pleas on the trial day, we repeat what we said in Jones v. Allen, 134 Fla. 751, 184 South. Rep. 651:

"It is the policy of the law in this State to permit additional pleas any time before verdict and to allow

amendments in pleading any time if they will facilitate a presumption of the merits. The time and conditions under which they will be allowed is vested in the discretion of the trial court. Section 4295, Compiled General Laws of 1927."

No abuse was shown in denying right to file pleas the day of trial. However, error in the instant case was committed when the pleadings were settled on demurrers to the fifth, amended fifth and tenth pleas.

The next question of which we will treat is the propriety of the court's charge apropos burden of proof. After tersely analyzing the three counts of the declaration and instructing the jury that the third had not been substantiated by proof, the court charged the jury that, "The burden of proof rests with the plaintiff to prove that the defendant is guilty of negligence by a fair preponderance of the testimony * * *." Then:

"The burden of proving the pleas is on the defendant. The defendant is required to prove this by a preponderance of evidence. The defendant pleads that it is not guilty and it denies it was guilty of any negligence; denies the building was incomplete; it denies that by reason of the building not having been completed that rain was on the floor or that the floors were wet by reason of rain and denies the plaintiff was injured.

"The second plea, the defendant denies that the plaintiff was engaged to perform generally the duties about the store of a clerk, but alleges on the contrary that he was merely an employee in the meat department and that his duty was that of selling and disbursing meats only.

"The third plea, the defendant says that the plaintiff was guilty of contributory negligence.

"I charge you that if either of these pleas are established, you will find for the defendant."

Although it is unquestionably the rule, as defendant in error contends, that in passing upon a criticized charge, the appellate court will consider all instructions given to determine whether as a whole the law was correctly expounded (Duval Laundry Co., Inc., v. Reif, 130 Fla. 276, 177 South. Rep. 726), the test will be applied, of course, to charges on the particular subject. In this case the charges we have described were the only ones given on the phase of the case involving burden of proof and where it should lie. Gist of them is that plaintiff should prove his case and defendant should prove his pleas. No distinction is made between defenses affirmative and those negative.

As we have said, the plea of not guilty puts in issue the breach of duty or wrongful act. It does not make an issue of facts stated in the inducement. (See Common Law Rule 32.) The burden was assumed by the plaintiff, as the instruction set out, to prove the breach of duty or wrongful act and also any matters stated in the inducement which were denied by the defendant. The responsibility was on the defendant to establish his plea of contributory negligence by a preponderance of the evidence. Farnsworth v. Tampa Electric Company, 62 Fla. 166, 57 South. Rep. 233; Hainlin v. Budge, 56 Fla. 342, 368, 47 South. Rep. 825, 834.

Applying these rules, it was unnecessary for defendant to prove anything under his first plea, not guilty. In addition to the burden placed upon him by this plea plaintiff was also bound to establish the facts alleged in the inducement and denied by the first part of the plea offered at the day of trial. It was defendant's burden to prove the affirmative defense set out in the second plea presented at the trial,

contributory negligence, and the latter part of the first plea filed at the trial.

The charge, as we construe it, does not so distribute the task of proof and the error is not cured by the concluding sentence: "* * * if either of these pleas are established, you will find for the defendant."

Other questions presented referring to a charge given, one refused, failure to instruct on assumption of risk and to a certain aspect of the testimony showing the knowledge of the plaintiff of the slippery condition of the floor where he is alleged to have been injured do not warrant discussion in view of what has been said. The result of this ruling will be the formation of at least one additional issue and the proof at another trial will necessarily conform to the pleadings as finally settled. Likewise the instructions will be appropriately modified so little assistance would be given by a determination of these last four questions.

It is our conclusion that the learned judge erred in the rulings on the pleadings and in the charges given, so we are constrained to hold that the judgment be reversed and cause remanded for a new trial.

TERRELL, C. J., WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.