IN RE: ESTATE OF HARRY COMSTOCK, deceased

197 So. 121

Division A

Opinion Filed June 18, 1940

Rehearing Denied July 12, 1940

*Harris* and *Kooman* for A. A. Rabe, as Guardian *Ad Litem* and *Ed. W. Harris* for Union Trust Company, Executor, Appellants;

*Carey & Harrison,* for Appellees.

BUFORD, J.—The appeal brings for review a decree of the circuit court affirming two orders of the County Judge of Pinellas County in a probate matter. The facts are, that Harry Comstock, a resident of St. Petersburg, Florida, died on July 22, 1938; he was survived by his wife, Ella, and two children, Earl and Hazel, and four grandchildren. Comstock left certain property in St. Petersburg which was admitted by all parties to be his homestead at the time of his death. Under the Probate Act, his wife, Ella, the widow, acquired a life estate in his homestead with vested remainder in Earl Comstock and Hazel Schlichting, the lineal descendants of Harry Comstock. Comstock died testate. His will, after directing the payment of debts and funeral expenses, set up a trust of the residue of decedent's property. The income from the trust was to be paid to the widow, Ella, for her life and upon her death the income to be paid to Earl and Hazel. Upon the death of the last life tenant the corpus of the trust estate was to be divided among decedent's grandchildren, who were named in the will, and any other grandchildren then in being. The will also set up a separate and additional trust for one of the grandchildren but this trust is of no consequence in this suit.

Union Trust Company, a corporation of St. Petersburg, Florida, was designated as executor and also trustee under decedent's will. At the time of Comstock's death his homestead property was subject to a mortgage duly executed by him and his wife to the Jefferson Standard Life Insurance

Company securing a note in the approximate sum of $8100.00. The mortgagee did not file any claim against decedent's estate on the note secured by the mortgage within eight months from the date of the first publication of the notice to creditors, or thereafter.

Regardless of this condition, the county judge on May 24th, 1939, on a petition of the Union Trust Company, directed it as executor to continue making payments on the mortgage. The grandchildren were not parties to that proceeding. It is apparent, however, that they have a direct interest in the question presented by the executor's petition. Therefore, a supplemental petition was filed against them and on September 20, 1939, a second order was entered directing Union Trust Company both as executor and as trustee to pay off and discharge the mortgage. The grandchildren were represented in the proceedings by A. A. Rabe as guardian *ad litem*. The Union Trust Company as executor appealed to the Circuit Court of Pinellas County from the order of May 24, 1939. The Union Trust Company as executor and trustee, and Rabe as guardian *ad litem*, entered separate appeals in the same court to the order of September 20, 1939.

By stipulation of the parties all appeals were consolidated.

On October 31, 1939, the Circuit Court of Pinellas County affirmed both orders of the county judge. From that order the grandchildren by their guardian *ad litem* and the Union Trust Company as executor and trustee, entered their appeal to this Court. The single question presented is:

"Where a person dies leaving homestead real estate which is subject to a mortgage, and the mortgagee fails to file a claim against the decedent's estate within eight months from the date of the first publication of the notice to creditors or thereafter, may the probate court direct the payment of the mortgage debt out of the decedent's estate?"

It appears from the record here that while the decedent was possessed of considerable property prior to his death he, being joined by his wife, saw fit to execute a good and valid mortgage pledging the homestead for the payment of the debt above referred to and it must be assumed that he intended that his creditor the mortgagee, could look to the security of the pledge of that property for the payment of that particular debt. It is evident that he died knowing that that condition existed and he was charged with knowledge of the law governing such matters.

Section 120 of the 1933 Probate Act provides as follows:

"Section 120. FORM AND MANNER OF PRESENTING CLAIMS—LIMITATION. No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, or claim for personal property in the possession of the personal representative or for damages, shall be valid or binding upon an estate, or upon the personal representative thereof, or upon any heir, legatee, or devisee of the decedent unless the same shall be in writing and contain the place of residence and post office address of the claimant and shall be sworn to by the claimant, his agent or attorney and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; provided, however, that the lien of any duly recorded mortgage and the lien of any person in possession of personal property and the right to foreclose or enforce such mortgage or lien shall not be impaired or affected by failure to file claim or demand as hereinabove provided, but such failure shall bar the right to enforce any personal liability against the estate,

and claimant shall be limited to the enforcement of the mortgage or lien against the specific property so mortgaged or held. Nothing herein contained shall be construed to require any legatee, devisee or heir at law to file any claim for the share of interest in the estate to which he may be entitled."

It is contended that this section of the statute should not be applied in the instant case but it appears to us that it must be applied because the facts of the case come clearly within the terms of the statute.

Mortgages on homestead property are not specifically exempted by the statute, nor are the debts secured by mortgage upon the homestead property exempted from the terms of the statute. So it is that under the statutes debts secured by mortgage on the homestead have the same status as would debts secured by mortgage on any other property.

In Jones v. Allen, 134 Fla. 751, 184 Sou. 651, we held in effect that the non-claim statute is to be literally construed and that no claims are to be exempted from its provisions except those specifically enumerated in the statute. In Smith v. Fechheimer, et al., 124 Fla. 757, 169 Sou. 395, we considered the nonclaim statute in force prior to the 1933 Probate Act. So far as the matter here involved, the two Acts were not materially different and in that case we said:

"Where no exemption from the provisions of the statute exist the court is powerless to create one. If such were not the case the settlement of an estate might be deferred indefinitely and the heirs and legatees, the rightful owners of the property of the estate, or beneficiaries of the will of the decedent, kept out of the enjoyment of their possessions and deprived of the benefit secured to them by the laws of the State for such unreasonable time as to practically

deprive them of their property." See Brooks v. Federal Land Bank, 106 Fla. 412, 143 Sou. 749.

It appears that some stress was laid upon the provision of the will directing all debts to be paid. That provision of the will must be construed to direct the payment of all debts that are presented within the period allowed by the non-claim statute and such provision will not authorize the payment of debts, however just may be the claim, unless such claims are filed as provided by statute within the period therein fixed. See Marshall Lodge, etc., v. Woodson, 139 Fla. 579, 190 Sou. 749.

The provisions of Section 1, Article X of our Constitution can have no application in this case because Section 4 of that Article specifically provides:

"Nothing in this Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself and by husband and wife if such relation exists."

The homestead was subject to the lien evidenced by the mortgage during the lifetime of the decedent and if he had continued to live until the mortgage fell due and the mortgage had become delinquent, then the mortgagee would have had the right to foreclose the mortgage and, unless the debt were paid, would have the right to have the homestead property sold to satisfy the debt. In Miller v. Finnegan, 26 Fla. 29, 7 Sou. 140, this Court held in effect that the constitutional provisions above referred to merely mean that those who inherit the homestead take with it, and as an incident to the inheritance, the same exemption from the debts of the deceased head of the family who owned it as he enjoyed at the time of his death. Such was also the conclusion reached in Godwin v. King, et al., 31 Fla. 525, 13 Sou.

108, and to like effect is Hill v. First National Bank, 73 Fla. 1092, 75 Sou. 614. See also Hutchinson, *et ux.*, v. Stone, 79 Fla. 157, 84 Sou. 151.

So, while it may be that the Legislature has the power to make provisions by which the results sought here to be obtained would prevail, it has not done so. If there had been no mortgage securing the debt the creditor, by failure to comply with the provisions of the statute, *supra*, would have lost all right to collect the debt and those who inherited the estate or acquired it by devise would then have acquired it free from that debt. It necessarily follows that those who acquired by devise an interest in decedent's property other than the homestead, acquired it free from that debt.

While our sympathies are with the beneficiaries of the homestead, the law must be applied as we find it. The courts have no more authority to deprive one set of heirs or beneficiaries of their legal rights than they have to deprive another set of heirs or beneficiaries of their legal rights.

The provisions of the law, as adopted in the wisdom of the Legislature, have fixed it so that no property left by the decedent is available for the payment of this debt secured by a mortgage, except the mortgaged property, and the fact that that mortgaged property happened to be a homestead does not change the application of the law in this regard.

It has been said that hard cases make bad law, and the provisions of the statute applying to this case may appear harsh, but in another case the conclusions reached by the county judge and the circuit court might work a greater hardship on the parties. For instance, we may suppose that a man gives a mortgage for $10,000 upon a homestead

which at the time of his death might have a market or a sales value of only $5,000; he leaves his widow the homestead and $15,000 in cash; the mortgagee fails to file his claim, as is provided by the statute, *supra,* within the time named in the statute; his claim against all the assets of the estate, except the mortgage upon the expiration of the statutory period, become void and uncollectable, except by the enforcement of the mortgage. Could it be said that the creditor may then require payment of the full amount of his claim from the cash assets of the estate and not be required to look to the security evidenced by his mortgage? We think not. Nor do we think that the courts would have power to require the executors or administrators of the estate to pay that claim from the cash assets of the estate in the face of the inhibition of the statute.

So, the decree of the circuit court must be reversed with directions to reverse the orders of the county judge in this regard.

It is so ordered.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.