66 So.2d 494 (1953)
POVIA et al.
v.
MELVIN.
Supreme Court of Florida, Division A.
July 24, 1953.
Henderson, Franklin, Starnes & Holt, Ft. Myers, for appellants.
Mellor & Watson, Ft. Myers, for appellees.
ROBERTS, Chief Justice.
The defendants have appealed from a verdict and judgment in favor of plaintiff entered in proceedings instituted against them in the court below by plaintiff to recover for personal injuries sustained by him in a highway accident involving a truck driven by the defendants' employee and a car driven by the plaintiff.
The plaintiff sustained injury to his arm, requiring its amputation, when the truck "side-swiped" the car as the vehicles, proceeding in opposite directions, were negotiating a curve on the highway. The case turns on the question of which of the vehicles had crossed over the center line of the highway, thus encroaching upon the other lane of traffic; and, assuming that the truck was the encroaching vehicle, a subsidiary question of whether the plaintiff contributed to his own injury by failing to use proper care in observing the approach of oncoming vehicles.
The evidence was in sharp conflict on the question of which vehicle was on the wrong side of the road at the time of the accident. No authorities need be cited for the proposition that this court is not authorized to substitute its judgment *495 for that of the jury and the trial court on disputed questions of fact. Likewise, the question of the credibility of the witnesses, as well as the effect or weight to be given to the evidence, is for the jury to determine. Loftin v. Joyner, Fla., 60 So.2d 154.
Nor do we think the fact that the plaintiff testified that he was "watching the inside curve, watching the grass" as he approached the curve and did not notice the truck until it was about 100 feet distant, constitutes such contributory negligence, as a matter of law, as to bar his recovery. The defendants do not here complain of the manner in which the question of the plaintiff's contributory negligence was submitted to the jury by the trial judge, and this factual question was resolved by the jury against them.
No error having been shown, the judgment appealed from should be and it is hereby
Affirmed.
TERRELL, SEBRING and MATHEWS, JJ., concur.