JOHNSON, Judge.
This is an appeal from a final judgment based upon a jury verdict in favor of the defendants-appellees.
The assignments of error, inter alia, relate directly to certain factual questions, which, we think requires a more detailed statement of the facts here than might otherwise be necessary. The plaintiff-appellant Pauline R. Kines was an employee of the defendant-appellee Mary C. Hagist in a laundry business. About one week prior to the date of the accident from which this case arose, the plaintiff had had some differences with the manager, who was a brother of the owner, appellee-defendant Hagist, and had quit her job, a job she had held for about two years, and ha’d remained away from work. Plaintiff was called and asked to return to work and was told to forget the trouble they had had, and not to mention it again. She went back to work a day or two before the day of the accident. On Saturday afternoon, the defendant Hagist told the plaintiff that when she finished her work to wait on her, the defendant Hagist, and she would take her home. This was about 3 o’clock. About S minutes to 5 o’clock P.M., the plaintiff had finished her regular work and started out when her employer, Hagist, again told her she had some bundles (laundry) to deliver and then she would take her home. Plaintiff’s deposition was to the effect that she preferred to walk home, which was only a few blocks, but that when the defendant Hagist said to her “go get in the car and I’ll take you home,” she felt obligated because to do otherwise might indicate that she hadn’t forgotten the differences of a short time prior which had caused her to quit the job. Also, that she liked her job and since she had ridden with her in the past, she was afraid she would think she still had not forgotten the differences. Plaintiff rode with the defendant to deliver one package of laundry and they were then proceeding to another customer’s house to make a further delivery when the accident occurred resulting in the injury to plaintiff. The plaintiff and the driver of the other vehicle included in the accident both testified that Mrs. Hagist did not stop at the intersection, although there was a stop sign in clear view. There was no dispute about the stop sign being *66 there. The photographs in the record also show the signs. Mrs. Hagist says she is not sure whether she stopped or not. Therefore, the preponderance of the evidence is that the defendant, Mrs. Hagist, drove her automobile into a through street in violation of the evident stop sign. No excuse is given by the defendant for such action, nor is it in any way explained. The defendant Hagist, in her answer to the complaint, denied negligence and charged the plaintiff with contributory negligence. In her amended answer, filed the day of the trial, the defendant Hagist attempts to set up the further defense that the plaintiff was a guest passenger, so as to bring the case within Florida’s guest passenger statute.
At the close of plaintiff’s case, the defendant Mary C. Hagist made a motion for a directed verdict in her favor as to the first count of the complaint on the primary ground that the plaintiff was a guest pás-senger of the defendant and therefore could not recover under simple or ordinary negligence, which was granted. This is assigned by the appellant as one of the errors of the trial court, the appellant contending that it was a question for the jury to determine whether the employer-employee relationship continued to exist at the time of the accident to such extent to take the case out from under the “guest passenger” statute. We cannot agree with the appellant’s contention in this respect, although we admit it to be a close question; but the trial court was in a better position to evaluate the relationship from his observance of the demeanor of the witnesses than this court is from the cold record. Therefore, we see no reason to disturb the trial court’s order directing a verdict in favor of the defendant Hagist as to the first count of the complaint.
The appellant made a motion for directed verdict as to the question of contributory negligence on the part of the appellant, after the defendants had concluded their case, which was granted. Thereafter, however, the trial court, over the objection of the appellant, gave the following instruction to the jury:
“Now, a guest riding in an automobile is entitled, save under exceptional circumstances, to trust the vigilance and skill of a driver, unless such guest knows or by the exercise of ordinary and reasonable care should know from the circumstances of the occasion that the driver is not exercising that degree of care in the operation of the vehicle compatible with the safety of her passenger. In such case, it becomes the duty of the guest to make some reasonable attempt through suggestion, warning, protest, or other means suitable to the occasion to control the conduct of the driver. However, before the duty to warn, protest, or take such other action suitable to the circumstances of the case arises, it is necessary that the passenger should know or have reason to know that it is reasonably essential to his own safety to attempt to warn or to control the conduct of the driver, and there must thereafter be sufficient time and opportunity for the guest to give warning, or make protest, or intervene for her own safety before the happening of the accident.”
This instruction in substance was on contributory negligence, and, inasmuch as the court had directed a verdict for the plaintiff against defendant Hagist on her defense of contributory negligence and the other defendants had not raised the same as a defense, the trial court was in error in charging the jury on this point. We think this charge probably tended to confuse the jury and was prejudicial to the plaintiffs’ case, and therefore error warranting a new trial.[1]
As to the assignment of error that the verdict was against the weight of the evidence, this court is very cautious about overturning the findings of a jury, but in the light of the court’s erroneous instruction, we lean toward agreeing that this as *67 signment of error is well taken, without deciding this question, inasmuch as this cause must be reversed and remanded for the other reasons stated above. We think a new trial should be granted. The order appealed is reversed, and this case remanded with directions to the lower court to grant a new trial hereof.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., J., concur.

. Holman Live Stock Co. v. Louisville & N. R. Co., 81 Fla. 194, 87 So. 750 (1921); and Orange Belt Auto Line v. Harford, 91 Fla. 1011, 109 So. 201 (1920).