222 So.2d 738 (1969)
JEFFERSON REALTY OF FORT LAUDERDALE, INC., a Florida Corporation; Jefferson Realty of South Dade, Inc., a Florida Corporation; Jefferson Funland, Inc., a Florida Corporation; and Jefferson Stores, Inc., a Delaware Corporation Authorized to Do Business in the State of Florida, Petitioners,
v.
UNITED STATES RUBBER COMPANY, a New Jersey Corporation, Respondent.
No. 37305.
Supreme Court of Florida.
April 16, 1969.
Rehearing Denied June 10, 1969.
*739 B.C. Fuller of Fuller & Feingold, Miami Beach, and Frates, Fay, Floyd & Pearson, Miami, for petitioners.
Richard S. Banick, Miami, and Marvin E. Barkin of Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, for respondent.
MASON, Circuit Judge.
On July 8, 1968, this cause having theretofore been submitted to the Court on petition for writ of certiorari to be directed to the District Court of Appeal, Third District of Florida, we determined that this Court was without jurisdiction to review the decision of the District Court of Appeal, and we denied the Petition. Subsequently, we granted rehearing and issued the writ of certiorari. Rehearing has been had and we are now of the opinion that we have conflict jurisdiction to review the decision of the District Court of Appeal which reversed the judgment of the trial court in favor of the petitioners, who were plaintiffs below. The decision of the District Court of Appeal is reported as United States Rubber Company v. Jefferson Realty of Fort Lauderdale, Inc. et al., 208 So.2d 110.
The record reflects that Jefferson Realty of South Dade, Inc., Jefferson Realty of Fort Lauderdale, Inc., and Jefferson Funland, Inc., designated hereinafter as original plaintiffs, and Jefferson Stores, Inc., (which was permitted to be joined as a party-plaintiff during the trial) filed their complaint seeking damages for breach of contract alleging that United States Rubber Company negotiated with the original plaintiffs to become a sub-lessee of property upon which United States Rubber Company was to supply an automobile service center. Leases were entered into by United States Rubber Company severally with each of the three of the original plaintiffs. Each lease provided that the lessor (one of the original plaintiffs) would construct a designated type of building upon premises located near the Jefferson Stores. United States Rubber Company was to furnish construction costs under each lease and would receive reimbursement therefor, with interest, as a credit reduction from agreed rent. Executed lease agreements were delivered to an escrow agent. The plaintiff, Jefferson Stores, Inc., guaranteed performance by each of the original plaintiffs lessors of the terms and agreements contained in its respective lease with United States Rubber Company. It is recited in the Guarantee Agreement entered into by Jefferson Stores, *740 Inc., and United States Rubber Company that each of the lessors in said leases is a wholly owned subsidiary of Jefferson Stores, Inc., and that for such reason there existed sufficient and adequate consideration for the guarantee by Jefferson Stores, Inc., of performance by each of its said subsidiaries of the obligations undertaken by it in its lease agreement with United States Rubber Company.
The complaint alleged that the lease conditions were met and that the United States Rubber Company prevented the construction of the improvements contemplated by the leases and prevented the actual commencement of the terms of the three lease agreements, and thereby breached the contracts between the parties. Cross motions for summary judgments were filed and the trial court granted such a judgment upon the issue of liability in favor of the original plaintiffs, and the cause proceeded to trial on the sole issue of damages. Just prior to resting their case, and on the third day of trial, the original plaintiffs (the actual lessors who executed the lease moved the Court for permission to amend the complaint by adding Jefferson Stores, Inc., as a party plaintiff. The defendant, United States Rubber Company, objected to such amendment and joinder, and requested continuance of the cause if such were permitted. The trial court took the motion under advisement and the trial proceeded with the completion of the plaintiffs' evidence and the reception of defendant's. At the conclusion of all of the evidence counsel for the plaintiffs asked the Court for a ruling upon their previous motion for amendment and joinder, and over objection of defendant's counsel the motion was granted, and the trial proceeded to conclusion with all four parties plaintiffs. Jury verdicts were returned awarding no damages to the three original plaintiffs and $400,000 damages to Jefferson Stores, Inc. Final judgment was entered in favor of Jefferson Stores, Inc., in said amount of $400,000 and costs only for the three original plaintiffs.
In ruling on the motion of the plaintiffs to amend and to add Jefferson Stores, Inc., as a party plaintiff the trial court announced that the cause had proceeded to that point upon the assumption by all parties that Jefferson Stores, Inc., was the real party in interest, and that in his judgment no prejudice would result to the defendant by the granting of said motion. Likewise, in his order denying the defendant's motion for judgments notwithstanding the verdicts the trial judge reiterated his opinion and conclusion that the three original plaintiffs were mere instrumentalities of the parent corporation and that the record reflected that throughout the entire transaction all of the parties recognized that Jefferson Stores, Inc., was the real party in interest; that the original plaintiffs were "nothing more than mere nominal parties to the transactions." He further stated "There is not the slightest suggestion throughout this cause that the defendant was deceived or suffered any injury by reason of the fact that Jefferson Stores, Inc., the real party complainant was doing business through three wholly owned subsidiary corporations."
The District Court of Appeal reversed the trial court, holding that it was error for the trial court to enter summary judgment without previous notice under the rules stating "The court necessarily granted Jefferson Stores a partial summary judgment after all of the evidence was received even though summary judgments are properly pre-trial in character and it is not proper to grant summary judgments in favor of either party at the conclusion of the evidence during trial." We hold that this decision is in direct conflict with previous decisions of this Court, and particularly Jones v. Allen, 1938, 134 Fla. 751, 184 So. 651. In Jones v. Allen we held, "It is the policy of the law in this state to permit additional pleas any time before verdict and to allow amendments in pleading any time if they will facilitate a presentation of the merits. The time and conditions under which they will be allowed is vested in *741 the discretion of the trial court." See also Kasanof v. Embry-Riddle Co., 157 Fla. 677, 26 So.2d 889, at page 893, wherein the appellate court affirmed the judgment of the lower court, but modified it to permit the filing in the trial court of an amended declaration by the appellant. To like effect is Robert L. Weed, Architect, Inc. v. Horning, 1947, 159 Fla. 847, 33 So.2d 648, and Miracle House Corporation v. Haige, Fla. 1957, 96 So.2d 417. In the last cited case this Court held that it is the aim of the Rules of Civil Procedure to allow liberal joinder of parties and claims, particularly in the interest of avoidance of a multiplicity of suits when all interested parties and the res are thus brought before the Court.
There is also conflict between the holding of the District Court of Appeal and the above cited cases of this Court that it was error to allow the amendment without a hearing on the question of liability because in so holding that court ignored the fact that the trial judge had held that Jefferson Stores, Inc., was the real party in interest. Also, the holding that "The only damages that Jefferson Stores may be entitled to recover, if any, were those based on loss of advertisement", was a usurpation of the trial court's obligation to determine questions of fact. These holdings are in direct conflict with Povia v. Melvin, Fla. 1953, 66 So.2d 494; Goldfarb v. Robertson, Fla. 1955, 82 So.2d 504; Northern Investment Corporation v. Coppock, 1938, 134 Fla. 168, 183 So. 635.
Thus we have conflict jurisdiction to review the decision of the District Court of Appeal on the merits of the cause.
The Rules of Civil Procedure in effect when this trial was had, and which are still in effect, particularly provide for amendments of pleadings and joinder of parties when the interest of justice requires. Specifically, Rule 1.210(a), 30 F.S.A., formerly Rule 1.17(a), provides that all persons having an interest in the subject of the action and in obtaining the relief demanded may join as plaintiffs, and any person may be made a defendant who has or claims an interest adverse to the plaintiff. The Rule further provides "Any person may at any time be made a party if his presence is necessary or proper to complete determination of the cause." And Rule 1.250, formerly Rule 1.18, provides that "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Finally, as to the authority of the trial court to permit amendment to the complaint joining Jefferson Stores, Inc. as party plaintiff, Rule 1.190(b), formerly Rule 1.15(b), provides that such an amendment of the pleadings as may be necessary to cause them to conform to the evidence may be made upon motion of any party at any time, even after judgment or decree. We have examined the entire record and are convinced that Jefferson Stores, Inc., was not only the real party in interest, but also that that fact was recognized by all of the parties throughout the trial of the case. Therefore, the trial court was imminently correct in permitting the joinder of such party as a party plaintiff and the amendment of the pleadings accordingly.
The District Court of Appeal also reversed the trial court for the stated reason that plaintiffs had failed to prove each of the elements of damage claimed, namely: loss of rent for the terms of the leases and damages resulting from failure of the defendant to advertise the sale or promotion of merchandise or services to be displayed or offered in the premises to be leased, based upon an expenditure for such purpose of not less than 3% of gross sales per lease year for advertising in local media. Each of the three leases provided for a minimum guaranteed annual rental of $15,000 over the initial fifteen year term of the lease, and in addition to such fixed rental each required the payment of an additional percentage rental of 5% of the defendant's gross sales from the leased premises during *742 each month, to the extent that it exceeded the guaranteed minimum rental.
We do not agree that there was a failure of proof of loss of rent. The trial court correctly charged the jury that the measure of damage for such item of loss is the difference between the contract or reserved rent and the rental or use value of the property covered by the lease agreements. The District Court held that there was no evidence of rental value, and that therefore there was nothing before the jury from which they could determine such difference between contract rent and such rental value. Our examination of the evidence leads us to conclude that there was such evidence which, if believed by the jury, justified the jury in concluding that the rental or use value was less than the contract rent. In the first place, the contract or reserved rent was based upon the use of the property for the operation of an automotive center by this particular defendant in connection with the Jefferson Superstore adjacent thereto, and there is testimony in the record to the effect that the plaintiffs were unable after the breach by the defendant to secure another tenant who would agree to operate a similar automotive center upon the property. Secondly, the President of Jefferson Stores, Inc., the parent corporation, testified that the only use the plaintiffs were thereafter able to put the property was for parking areas in connection with plaintiffs' existing stores. From this evidence the jury was justified in concluding that the use or rental value was substantially less than the reserved or contract rent, or that the property so located and adapted had no rental or use value except as a part of the Jefferson Stores complex. The jury is the sole judge of such factual issue and neither the trial judge nor an appellate court may substitute its judgment on such issue for that of the jury.
The District Court reasoned that since the jury found zero verdicts for each of the Realty Corporations plaintiffs this was conclusive that there was a lack of evidence upon this first element of damages. Such reasoning, however, fails to take into account that Jefferson Stores, Inc., the real party in interest, did receive a verdict for $400,000 in which this element of damage was conceivably incorporated. The very fact that the jury found no damages for the subsidiary corporations is further evidence of the fact that the jury, as well as the trial judge, concluded that the real party plaintiff was Jefferson Stores, Inc., and that the latter was the only entity which sustained damages for breach of the lease agreements. Certainly, it is just as reasonable to assume this as the conclusion of the jury as to assume that the jury's findings of no damage to the Realty Corporations is evidence of a finding of no loss of rent.
As to percentage rentals there is evidence in the record, produced from the testimony of experts and from the defendant's own agent who had been active in the negotiations leading up to the execution of the three leases, as to what would have been the probable gross sales to be expected from the operations of the enterprises had they been operative during the period of the leases. The testimony from the defendant's agent was to the effect that for the first three years of the leases gross sales of $400,000, $500,000 and $600,000 could be expected. Applying the 5% formula for percentage rentals to these figures the jury would have been justified in concluding that such percentage rentals for these first three years would have amounted to $75,000. Other experts, whose testimony was admitted by the trial court, testified that there would be a continued economic growth in the two counties of Dade and Broward in which the enterprises would have been operated, had the defendant not breached the leases. The jury was justified in concluding from the evidence before it as to prospective percentage rentals during the term of the leases, added to the net fixed rentals (after deducting construction costs with interest, plus taxes *743 and insurance) that plaintiff's damage was $400,000, the amount of its verdict for Jefferson Stores, Inc. And these calculations did not necessarily include any amount for damage to the plaintiff for failure to advertise. Therefore, it cannot be reasonably said that the jury's verdict is not substantiated by the evidence. Here, as in the case of the issue of anticipated gross sales, there is evidence in the record which would have justified the jury in finding that there was damage to the plaintiff's Jefferson Stores, Inc., business through failure of the defendant to advertise as required by the terms of the lease, although it is not necessary to substantiate the jury's verdict that it be concluded that they found any amount for this element of damage.
The District Court of Appeal held that the only damages that Jefferson Stores may be entitled to recover, if any, were those based on loss of advertisement. In view of our holding that Jefferson Stores, Inc., is the real party in interest in this lawsuit, we conclude that such statement is erroneous, and that Jefferson Stores, Inc., is entitled to recover all elements of damage originally sued for by the Realty Corporations, and proven by the evidence herein.
In the District Court of Appeal the defendant, United States Rubber Company, assigned as error the rulings of the trial court denying defendant's motion for summary judgment and granting the plaintiffs' motion for summary judgment on the issue of liability. The District Court of Appeal did not, in its opinion or decision, rule upon this issue. However, our examination of the record causes us to conclude that the trial court was correct in its said rulings, and that this cause should not be reversed because of such rulings.
The District Court of Appeal was in error in reversing the trial court and in setting aside the final judgment herein in favor of Jefferson Stores, Inc. We quash the judgment of the District Court and remand this cause to it with direction to affirm the trial court and to reinstate the final judgment herein.
Reversed and remanded.
ERVIN, C.J. and ROBERTS, DREW, CALDWELL (Retired) and ADAMS (Retired), JJ., concur.