KEHOE, Judge.
Appellant, defendant below, brings this appeal from a final judgment entered by the trial court on October 4, 1978. For purposes of this appeal, the final judgment *1157 contains sufficient summary of the pertinent facts in this cause; it reads as follows:
“This cause came on for an expedited final hearing by stipulation of the parties. Having reviewed the verified Complaint and Exhibits, having heard the evidence presented and argument of Counsel for both parties, the Court finds as follows:
“A. The Miami Dolphins, Ltd., a Florida limited partnership (‘Dolphins’) is the exclusive concessionaire at the Miami Orange Bowl Stadium pursuant to an Orange Bowl Concession Lease and Agreement dated August 4, 1967 as amended and extended (the ‘Concession Agreement’). The terms of the Concession Agreement and particularly the subsequent actions of the parties to such agreement make it clear the Dolphins have the exclusive right to sell all food, all beverages, and all novelty and tobacco products sold in the Orange Bowl during the term of the Concession Agreement.
B. At the time the Concession Agreement was entered into the City Code of the City of Miami prohibited the sale or use of wines, beers, liquors or alcoholic beverages of any kind or nature on any portion of the Orange Bowl property. These provisions of the City Code were incorporated in the Concession Agreement.
C. On January 11, 1978 the City of Miami (the ‘City’) repealed former Section 39-25 of the City of Miami Code which prohibited the sale of alcoholic beverages in the Orange Bowl, and enacted an Ordinance amending Section 39-25 permitting the sale of beer and/or malt beverages. This Ordinance provides in pertinent part:
‘1. (a) Beer and/or malt beverages may be sold in the stadium by the city provided that such beverages are not dispensed to the consumer in cans or bottles.
'(b) The city manager may authorize the sale of said beverages in the stadium by licensed vendors.
* * * * • * *
4. There shall be no change in existing agreements between the city and the stadium concessionaires as a result of the passage of this ordinance.’
[Emphasis supplied]
The prohibition against the sale of beer and/or malt beverages in the Orange Bowl has been removed by this ordinance. The ordinance by its terms however does not modify the existing Concession Agreement, which grants the Dolphins the exclusive right to sell all beverages in the Orange Bowl.
D. Following the amendment of Section 39-25, pursuant to the Dolphins’ exclusive Concession Agreement to sell all beverages in the Orange Bowl and the delegation to the City Manager of the authority to authorize the sale of beer in the Orange Bowl, the City Manager engaged in extended negotiations with the Dolphins for the arrangements for the sale of beer in the Orange Bowl.
E. The City Manager and the Dolphins reached agreement for the sale of beer in the Orange Bowl.
F. In violation of the authority delegated by ordinance to the City Manager and in violation of the Dolphins’ exclusive concession rights, on July 27, 1978 the City Commission by Resolution directed the City Manager to advertise for proposals to operate a beer concession at the Orange Bowl. Pursuant to this Resolution the City Manager then advertised for proposals to operate such beer concession.
G. Upon application of the Dolphins this Court entered a Temporary Injunction restraining the City from accepting such proposals or awarding a beer concession contract to anyone except the Dolphins pending final hearing of this case.
H. The uncontroverted evidence shows the City’s award of a separate beer concession at the Orange Bowl to a party other than the Dolphins would unquestionably diminish and impair the rights of the Dolphins under the present Concession Agreement.
*1158 I. The City Resolution directing the City Manager to advertise for proposals to operate a separate beer concession at the Orange Bowl during the term of the existing Concession Agreement with the Dolphins, is an unconstitutional attempt by the City to unilaterally modify by Resolution its contractual obligations and impair a valid agreement in violation of Article 1, Section 10 of the Constitution of the United States and Article 1, Section 10 of the Constitution of the State of Florida. The City is bound to recognize its contracts the same as an individual and it may not unilaterally by Resolution modify the Concession Agreement without the agreement of the Dolphins to that modification.
It is therefore ORDERED AND ADJUDGED:
1. The Temporary Injunction entered on September 1, 1978 is hereby made permanent and the City, the City Manager, its Commissioners, agents and all persons acting in concert with them are permanently enjoined and restrained during the term of the Concession Agreement from:
(i) Accepting bids for the sale of beer and/or malt beverages in the Orange Bowl Stadium, and
(ii) Granting the right to sell beer and/or malt beverages at the Orange Bowl Stadium to any person other than the Miami Dolphins.
2. The Injunction Bond dated September 5, 1978 filed herein is cancelled and The Miami Dolphins as principal and Fidelity & Deposit Company of Maryland as surety are hereby released from all liability on such bond.”
After a careful review of the record in this cause, we are of the opinion that the trial court acted properly in determining from the totality of the subject contract and the conduct of the parties that appellee Miami Dolphins, Ltd., had the right, pursuant to their contract with appellant, to sell whatever beverages were to be sold in the Orange Bowl Stadium. The injunction entered by the trial court did not give the Dolphins the right to sell beer or malt beverages in the Stadium, but rather it enjoined appellant'from allowing anyone else to sell such beverages. See Faulk & Coleman Construction Co. v. McCormack, 151 F.Supp. 206 (N.D.Fla.1957); Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla.1975); Smart v. Brownler, 195 So.2d 4 (Fla.1967); Povia v. Melvin, 66 So.2d 494 (Fla.1953); Liquor Store, Inc. v. Continental Distilling Corp., 40 So.2d 371 (Fla.1947); and City of Miami v. Bus Benches Co., 174 So.2d 49 (Fla. 3d DCA 1965).
Affirmed.