PER CURIAM.
Bradley and Travelers Indemnity Company appeal a judgment entered pursuant to a jury verdict awarding damages to High in this action arising out of an automobile accident. High’s vehicle was struck by a truck owned by Bradley, but driven by Bradley’s brother. Appellants defended the action brought by High on the ground that they incurred no liability because Bradley’s brother was not authorized to use the truck and had stolen it from his brother.
We affirm upon a holding that the evidence was sufficient to sustain the jury verdict. See Helman v. Seaboard Coast Line R.R., 349 So.2d 1187 (Fla.1977); Bermil Corp. v. Sawyer, 353 So.2d 579 (Fla. 3d DCA 1977). Circumstantial evidence was appropriate to prove that Bradley knew of or consented to the use of his truck by his brother. See Nielsen v. City of Sarasota, 117 So.2d 731 (Fla.1960); Bunyak v. Clyde J. Yancey & Sons Dairy, 438 So.2d 891 (Fla. 2d DCA 1983), review denied, 447 So.2d 885 (Fla.1984). It was the jury’s function to evaluate the credibility of the witnesses and to reject testimony it deemed unworthy of belief. See Povia v. Melvin, 66 So.2d 494 (Fla.1953); S. Kornreich & Sons v. Titan Agencies, 423 So.2d 940 (Fla. 3d DCA 1982).
Affirmed.