918 So.2d 446 (2006)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Eric Peck, Appellants,
v.
AUSTIN OUTDOOR INC. and OneSource Landscape & Golf Services, Inc., Appellees.
No. 4D04-4257.
District Court of Appeal of Florida, Fourth District.
January 25, 2006.
*447 Frances F. Guasch of Luis E. Ordonez & Associates, Miami, for appellant State Farm Mutual Automobile Insurance Company.
Robert Garven, Coral Springs, and Dan Cytryn of Cytryn & Santana, P.A., Tamarac, for appellant Eric Peck.
Clinton D. Flagg and Jenelle E. La Chuisa of the Law Offices of Clinton D. Flagg, P.A., Coral Gables, for appellees.
FARMER, J.
In this motor vehicle, personal injury case, there was a dispute as to whether the driver was operating the defendants' vehicle with their knowledge and consent, or was instead a thief. If the latter, defendants would not be liable under the dangerous instrumentality doctrine. The trial court granted a motion for summary judgment on this issue filed by defendants. We reverse.
The record evidence emerging during discovery showed that the truck involved in the accident bore a legend saying "OneSource Landscaping Golf" and beneath it a phone number, "1-877-1-Source." Plaintiff testified that the two men in the truck were of Haitian descent, spoke Creole to one another at the scene, and wore the same forest green uniforms. He also swore that at the scene he obtained the above vehicle information and the tag number. Defendants concededly owned the vehicle and have employees of Haitian descent who speak Creole and wear uniforms similar to those described at the scene.
Defendants filed affidavits in support of their motion for summary judgment. The affidavits swore that they have never had any employee bearing the name given by the driver,[1] that to the best of their knowledge no one connected with the corporations ever gave the driver permission to drive its vehicle, and that no one connected with the defendants had any knowledge that this vehicle was involved in an accident on the day in question.
"The moving party has the burden to conclusively prove the nonexistence of a material fact. However, once this burden is met, it then shifts to the nonmoving party." Partridge v. Partridge, 790 So.2d 1280, 1282 (Fla. 4th DCA 2001) [c.o.]. The owner of a vehicle driven by another is "required to conclusively show that there were no genuine issues of material facts with regard to their ownership of the [vehicle] or their consent to [Driver's] use of it." Medina v. Yoder Auto Sales, *448 Inc., 743 So.2d 621, 622 (Fla. 2d DCA 1999). "Circumstantial evidence [is] appropriate to prove that [an owner] knew of or consented to the use of his [vehicle by another]." Bradley v. High, 464 So.2d 1275, 1276 (Fla. 3d DCA 1985); see also Singer v. Star, 510 So.2d 637, 640 (Fla. 4th DCA 1987) ("A jury may infer the existence of an agency even when both the principal and the agent deny it."[c.o.]).
An appellate court must examine the record and any supporting evidence in a light most favorable to the non-moving party. Lauderhill v. Rhames, 864 So.2d 432, 434 n. 1 (Fla. 4th DCA 2003). Upon an examination of the record we do not agree that defendants conclusively demonstrated the nonexistence of a factual dispute as to whether the driver was operating defendants' vehicle with their express or implied knowledge and consent.
Reversed.
KLEIN, J., and MILLER, KAREN M., Associate Judge, concur.
NOTES
[1] Plaintiff had been unable to find and serve the driver by the time of the hearing on the motion for summary judgment.