ZILLMER, Appellant, vs. LANDGUTH, Executor, and others, Respondents.

| 94 | 607 |
|----|-----|
| 94 | 631 |
| 94 | 607 |
| 113 | 236 |

*December 1 — December 15, 1896.*

*Wills: Construction: Condition after fee: Repugnancy.*

Under a will devising by apt and technical words an estate in fee simple to the testator's two daughters in undivided moieties, an express condition that "they shall not have the right to dispose of said property, or any part thereof," until the older becomes twenty-five years of age, is void for repugnancy. The devisees, therefore, take a fee simple.

APPEAL from a judgment of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

This is an action for the construction of a will. The facts were not in dispute. Andrew Landguth, a widower, died in Milwaukee, December 1, 1880, leaving two daughters as his sole heirs, *Mary* (the plaintiff) and Lizzie, aged, respectively, fourteen and twelve years, and his estate consisted of a homestead in Milwaukee. He left a will, which was afterwards duly probated, and which, omitting formal parts, was as follows: "I do hereby give, devise, and bequeath unto my children, *Mary* and Elizabeth, all of my property, of whatsoever kind and description, both real and personal and mixed, wheresoever the same may be situated; said property, and the whole thereof, to be divided equally between my said children, *Mary* and Elizabeth, share and share alike, upon the express condition that they shall not have the right to dispose of said property, or any part thereof, until the eldest of my said children becomes of the age of twenty-five years; my said children, *Mary* and Elizabeth, to hold said property subject to such condition, unto themselves, their heirs and assigns, forever." His estate was duly administered, and on the 8th of December, 1882, a final decree was rendered by the county court of Milwaukee county, settling

the estate, and adjudging that the real estate of the deceased be and was thereby "assigned and transferred to *Mary Landguth* and Elizabeth Landguth, the heirs at law of said deceased, in common and undivided." No appeal was ever taken from this decree. Elizabeth or Lizzie Landguth became of age in 1889, and thereafter, and on the 27th of September of that year, died, leaving a will, by which she devised all her property, including her undivided one half of the estate of her father, to the defendants. At the time of the death of Lizzie, *Mary* had not reached the age of twenty-five years, but reached that age before the commencement of this action. Lizzie's will was duly probated, and thereafter this action was begun; the plaintiff claiming that Lizzie had no power to devise the property before *Mary* had arrived at the age of twenty-five years, and consequently that Lizzie's share vested in *Mary*, as her heir at law, immediately upon Lizzie's death. The defendants claimed that the condition against alienation in Andrew Landguth's will was void, and that Lizzie took a fee simple, and consequently could dispose of it by will. The circuit court held the condition void, and the plaintiff appealed.

For the appellant there were briefs by *Bloodgood, Kemper & Bloodgood*, attorneys, and *Jackson B. Kemper* and *Francis Bloodgood*, counsel, and oral argument by *Jackson B. Kemper*. They contended, *inter alia*, that "the owner of property has a right to dispose of it with a limited restriction on its use, however much the restriction may affect the value or the nature of the estate. Repugnant conditions are those which tend to the utter subversion of the estate — such as prohibit entirely the alienation or the use of the property. Conditions which prohibit its alienation to particular persons or *for a limited period*, or its subjection to particular uses, are not subversive of the estate. They do not destroy or limit its alienable or inheritable character." *Cowell v. Springs Co.* 100 U. S. 55; *Stewart v. Brady*, 3

Bush, 623; *Stewart v. Barrow,* 7 id. 368; *Dougal v. Fryer,*
3 Mo. 29; *Langdon v. Ingram's Guardian,* 28 Ind. 360;
*Shimer v. Mann,* 99 id. 199; *McWilliams v. Nisly,* 2 Serg.
& R. 507; 1 Washb. Real Prop. (5th ed.), 85; *Doe v. Carter,*
8 Term, 57, 300; *Gray v. Blanchard,* 8 Pick. 284; *Black-
stone Bank v. Davis,* 21 Pick. 42; *Simonds v. Simonds,* 3
Met. 562; *Jackson v. Shutz,* 18 Johns. 184; *In re Macleay,*
L. R. 20 Eq. 186.

For the respondents there was a brief by *Haring & Frost,*
attorneys, and *Edward W. Frost,* of counsel, and oral argu-
ment by *Edward W. Frost.*

WINSLOW, J.   Under the will before us, an estate in fee
simple was devised to the two daughters in undivided moie-
ties, by apt and technical words, with a condition annexed
to the effect that the devisees should not convey the same;
or, in other words, that all power of alienation should be
absolutely suspended for a fixed period.   We regard this
condition as void, because absolutely repugnant to the es-
tate granted.   It now seems well settled that, when a con-
veyance or devise is made in fee, a condition attempted to
be annexed thereto to the effect that the purchaser or dev-
isee shall not for any period of time convey or alien the
estate is void for repugnancy.   *Potter v. Couch,* 141 U. S.
296; *Mandelbaum v. McDonell,* 29 Mich. 78; *Allen v. Craft,*
109 Ind. 476; *Conger v. Lowe,* 124 Ind. 368; *Todd v. Saw-
yer,* 147 Mass. 570; *De Peyster v. Michael,* 6 N. Y. 467;
*Van Horne v. Campbell,* 100 N. Y. 287; Schouler, Wills,
§ 602.   See, upon this subject generally, *Saxton v. Webber,*
83 Wis. 617; *Van Osdell v. Champion,* 89 Wis. 661.   The
daughter Lizzie, therefore, took a fee-simple estate, and
could lawfully devise the same.

*By the Court.*— Judgment affirmed.