Dieterich, J.
 

 The two issues on this appeal are: (1) Does the devisee take the real estate in fee simple free of the conditions imposed by the testatrix to suspend for a fixed period the power of alienation? and (2) Is the devisee entitled to have the real property exonerated from a mortgage existing thereon at the time of the testatrix’s death?
 

 George L. Budd is the surviving widower of Mabel Ruth Budd who died testate, June 2, 1958. Her will named the surviving widower, George L. Budd, and the First Wisconsin
 
 *254
 
 Trust Company as executors in the will. The separate estate of the decedent consisted of the following:
 

 Personal property:
 

 Per inventory................$ 4,839.23
 

 Additions per account......... 93.15
 

 Total personal property...................$ 4,932.38
 

 Real estate:
 

 Real property at 6105 W. Greenfield Ave................... 18,000.00
 

 Real property at 8208 West Center Street.................. 25,000.00
 

 Total real estate......................... 43,000.00
 

 $47,932.38
 

 The real property appraised at $18,000 was sold by the executors for that sum, pursuant to the power of sale contained in the will, and the proceeds of the sale were added to the personal estate. The Center street property was part of her separate estate and she had incumbered this property with a mortgage in the amount of $18,000 on August 7, 1953. At the time of her death the balance due on the note and mortgage was $4,500 with the accrued interest from August 7, 1958.
 

 The last will and testament of Mabel Ruth Budd was executed on September 9, 1957, and a codicil was attached to this will and was executed on April 12, 1958. In the last will and testament, she provided in paragraph Second that her husband, should he survive her for thirty days, take the real property in which they resided at 8208-8208-A West Center street, Milwaukee, Wisconsin. However, subject to the conditions that he could not sell, transfer, convey, assign, mortgage, or alien said real estate or any portion thereof or interest therein for a period of five years from the date of her death.
 

 
 *255
 
 The cardinal rule this court must subscribe to when construing a will is to ascertain the intent of the testatrix from the language of the will itself, and in the light of all circumstances surrounding the testatrix at the time she executed her will.
 
 Estate of Breese
 
 (1959), 7 Wis. (2d) 422, 96 N. W. (2d) 712. Mabel Ruth Budd in paragraph Second intended her husband to have the property, subject to the condition that he not alienate the real estate for a fixed period of five years.
 

 It is apparent from a reading of the will and codicil as an entity that the testatrix’s intention was to devise to her husband, should he survive her for thirty days, the fee simple in the real property in question. There is nothing to indicate she intended a lesser gift or devise. The language used in paragraph Second of the testatrix’s will is expressive of a devise in fee. The words and conditions following, which attempt to suspend the power of alienation being inconsistent and repugnant to the estate therein created and granted under the terms of paragraph Second of the will, are void.
 

 The devisee husband, George L. Budd, takes a fee-simple estate which was created by the language first used in paragraph Second of the will and can lawfully sell, transfer, convey, assign, mortgage, or alien the same free of the conditions imposed by the testatrix.
 
 Zillmer v. Landguth
 
 (1896), 94 Wis. 607, 69 N. W. 568, and
 
 Will of Larson
 
 (1933), 211 Wis. 237, 247 N. W. 880.
 

 Disposing of the second issue, this court must determine whether the devisee is entitled to the real estate exonerated from an outstanding mortgage existing thereon at the date of death of the testatrix.
 

 The facts are that George L. Budd and the testatrix, Mabel Ruth Budd, were married on April 4, 1951. A mortgage was placed on the real estate in question on August 7, 1953. The will was dated September 9, 1957, and the
 
 *256
 
 codicil was executed April 12, 1958. Testatrix died on June 2, 1958. It is apparent from the facts that Mabel Ruth Budd, testatrix, had ample opportunity to include in her will and codicil in clear and unequivocal language her intention to exonerate or not to exonerate the real estate in question.
 

 Intention to exonerate specific property devised may expressly appear from reading the will as a whole or the testatrix’s intention to exonerate or not to exonerate may be inferred from the context of the will and codicil.
 

 Paragraph First of the will reads:
 

 “I direct the payment of all proper claims against my estate, funeral expenses, and expenses of the administration of my estate as provided by law.”
 

 This provision of the will is a general direction to pay debts and nothing more.
 

 In
 
 Estate of Koebel
 
 (1937), 225 Wis. 342, 346, 274 N. W. 262, this court stated:
 

 “The direction in the ‘First’ paragraph of his will is merely that his executrix ‘pay all my just debts and funeral expenses as soon after my decease as conveniently may be.’ That is but declaratory of the rules of law which are applicable generally to the use of a deceased’s property for the payment of his debts. It added nothing, and its omission would not have detracted in any way . . .”
 

 Reading the will and codicil as an entity it does not by any express language reveal whether George L. Budd, devisee, takes the real estate subject to the outstanding mortgage or exonerated from payment of the incumbrance.
 

 Having determined that the testatrix did not express an intention as to exoneration of the outstanding mortgage, this court must necessarily look to the Wisconsin constitution and applicable legislative provisions.
 

 Sec. 13, art. XIV of the Wisconsin constitution, reads:
 

 
 *257
 
 “Such parts of the common law as are now in force in the territory of Wisconsin, not inconsistent with this constitution, shall be and continue part of the law of this state until altered or suspended by the legislature.”
 

 The common law in this state is defined in
 
 Coburn v. Harvey
 
 (1864), 18 Wis. 156 (*147), 162 (*153) :
 

 “. . . when our territorial legislature and the framers of our constitution recognized the existence here of the common law, they must be held to have had reference to that law as it existed, modified and amended by English statutes passed prior to the [American] revolution.”
 

 In
 
 Menne v. Fond du Lac
 
 (1956), 273 Wis. 341, 345, 77 N. W. (2d) 703, this court stated:
 

 “The common law in effect at the time of the adoption of our state constitution is difficult of definition. We do not think that it is confined to English statutes and the decisions of English courts. . . . the term ‘common law’ is broad enough to embrace customs and usages and legal maxims and principles in vogue at that time.”
 

 The common law as to exoneration is defined by 97 C. J. S., Wills, p. 221, sec. 1316b (1), as follows:
 

 “It is generally the rule, except where changed by statute, that, in the absence of a testamentary intention to the contrary, any debts of the testator which are secured by liens on property included in a will are payable primarily out of the personal estate, . . .”
 

 In 4 Page, Wills (lifetime ed.), Debt secured by lien— exoneration, p. 296, sec. 1486, the common law as to exoneration is defined as:
 

 “If a debt which testator owes personally in his lifetime is secured by a mortgage or other lien upon specific property belonging to testator, such debt, like any other personal debt is to be paid out of testator’s personal estate in the absence of provisions in the will which show a contrary intention; and, as between the devisee or legatee of the prop
 
 *258
 
 erty which is subject to such lien, and a general legatee to whom all the personalty is given, or a residuary legatee or next of kin, the debt must be paid out of the personalty.”
 

 It is, therefore, clear that the common-law rule, as adopted by constitutional provision, is that the devisee of mortgaged property is entitled to have the mortgage discharged from other assets, in situations where the will does not disclose a contrary intent. This common-law concept has not been altered or suspended by legislation in this state, and pursuant to paragraph Second of the last will and testament of Mabel Ruth Budd the devisee, George L. Budd, is granted an estate in fee simple, exonerated from the unpaid mortgage existing at the date of the testatrix’s death.
 

 We find no merit in the argument that the real estate should not be exonerated because George L. Budd did not file a claim for exoneration. We have no problem of priorities presented in the instant case as a result of granting the exoneration of the mortgage on the Center street property, there being sufficient personal property in the hands of the executors, including the fund derived from the sale of the real estate located at 6105 West Greenfield avenue. Therefore, we refrain at this time from discussing the priority issue, reserving our opinion with respect thereto until a case arises which calls for disposition of such issue.
 

 The judgment of the trial court adjudged and decreed that the husband of the testatrix, George L. Budd, took a fee-simple estate in the real estate located at 8208-8208-A West Center street, Milwaukee, Wisconsin, being the duplex referred to in paragraph Second of the will and that the devisee took the real estate free of the condition and proviso set forth in paragraph Second, and that George L. Budd can lawfully sell, transfer, convey, assign, mortgage, or alien the real estate, and is affirmed.
 

 
 *259
 
 The judgment of the trial court in so far as it adjudged and decreed the real estate devised to George L. Budd in and by paragraph Second of the will of the testatrix, passed to the devisee subject to the outstanding mortgage, is reversed.
 

 By the Court.
 
 — That part of the judgment decreeing that George L. Budd took the real estate free from the condition set forth in paragraph Second of the will is affirmed; and that part of the judgment decreeing the said real estate passed to said George L. Budd subject to the outstanding mortgage is reversed, with direction that the said mortgage be paid out of the personal property of the estate by the executors.