574 So.2d 18 (1990)
Iona BEAUCHAMP
v.
Albert BEAUCHAMP and Velma Beauchamp; Curtis Beauchamp, Frederick Beauchamp, Katie M. Bickhem, Marie B. Crump, Bessie L. Evans, Mary Beauchamp, Minnie Lee Beauchamp, Amie Lee Beauchamp, Louis S. Beauchamp.
No. 89-CA-0513.
Supreme Court of Mississippi.
December 27, 1990.
James A. Lowe, III, Watkins & Eager, R. Brad Sessums, Young, Scanlon & Sessums, Jackson, for appellant.
*19 Jack G. Moss, G. Robert Ferguson, Jr., Raymond, for appellees.
EN BANC
PITTMAN, Justice, for the Court.
Iona Beauchamp filed suit against Albert and Velma Beauchamp, et al., alleging that the restraint upon alienation of property contained in her grandfather's will should be removed and requesting a public sale of the real property. After answer by the appellees, appellant Beauchamp moved for partial summary judgment in this matter which was granted in part and denied in part by the trial judge. Upon the ruling of the lower court, Iona Beauchamp appealed to this Court.
The facts in this case are simple. George Beauchamp was the owner of approximately one hundred and twenty (120) acres of farmland situated in the Second Judicial District of Hinds County, Mississippi. Mr. Beauchamp died testate on November 12, 1959, being domiciled at that time in Milwaukee, Wisconsin. Decedent Beauchamp was survived by ten (10) children and the descendants of two (2) children who predeceased him.
According to Louis Beauchamp, George Beauchamp's son, before his father passed away, he expressed a desire to keep the Hinds County property in the family. To this end, George Beauchamp executed a will on May 28, 1959, that contained the following provisions:
SECOND. All my property, wherever located and of whatever nature, I give, devise and bequeath to my children in equal shares, the children of any predeceased child to take his parent's share by right of representation.
FOURTH. The realty which I presently own, and which is farm acreage in Raymond, Mississippi, shall not be sold, assigned or transferred during the continuance of the life or lives of my children, or the child or children of any deceased child, and for thirty (30) years thereafter during the life or lives of my children, or the child or children of any deceased child now in being.
The above will was probated in the Chancery Court of Hinds County, Second Judicial District, on July 1, 1974. The estate of George Beauchamp was closed by order dated February 12, 1985.
On March 18, 1988, appellant Iona Beauchamp filed suit against appellees Albert and Velma Beauchamp, et al. This action was for removal of the will's restraint against alienation and also for a public sale of the Hinds County property. The complaint above was answered by the appellees and thereafter a Motion for Partial Summary Judgment was filed by Iona Beauchamp. In her Motion, appellant argued that: (1) the restraint against alienation contained in George Beauchamp's will was void under Miss. Code Ann. § 89-1-15 (1972); and (2) that the law of decedent's domicile, Wisconsin, should be applied to construe his will. Appellees opposed this Motion for Partial Summary Judgment alleging that even if the provision contained in the will of George Beauchamp violated § 89-1-15, that under the doctrine of equitable approximation, the restraint should not be declared void but amended so that it would not exceed the lifetime of the last child or child of any deceased child of the testator.
Upon considering the above arguments of the parties, the lower court found that the restraint against alienation did violate § 89-1-15 (1972), but that the doctrine of equitable approximation should be applied to give effect to the intent of the testator to the extent permitted by law. The Chancellor specifically held, "that the realty owned by the decedent, which is farm acreage in this jurisdiction, cannot be sold, assigned, or transferred during the life of any of decedent's children or any child or any of the children of any deceased child who predeceased the testator." From this ruling, appellant now appeals to this Court assigning as error:
IN MAKING ITS DETERMINATION OF DECEDENT'S INTENTIONS CONCERNING THE DISPOSITION OF REAL PROPERTY LOCATED IN MISSISSIPPI, THE CHANCERY COURT ERRED BY FAILING TO CONSTRUE THE PROVISIONS OF DECEDENT'S *20 WILL ACCORDING TO THE LAW OF DECEDENT'S DOMICILE.
Appellant maintains that when the trial court applied the law of Mississippi to the will of George Beauchamp, that it failed to apply the settled rule of law that a person's will is to be construed according to the law of the person's domicile. To determine the validity of appellant's argument, we must first analyze the actions of the court below.
In this action, the trial court ruled that the will of George Beauchamp contained a restraint upon alienation that violated Mississippi Code Ann. § 89-1-15 (1972). Upon this finding, the lower court amended the restriction contained in decedent's will by applying the doctrine of equitable approximation. Under that doctrine, a court will give effect to the intentions expressed in a testator's will to the extent permitted by the laws of a state. This finding, by the lower court, was a determination that the laws of this state are applicable to construe a will probated in Mississippi. This ruling, however, was erroneous in light of our decisions concerning the law to apply when construing a non-resident's will.
This court has consistently held that the law of the person's domicile is to be used when construing the provisions of a testator's will, unless it is clear from the instrument itself that the testator intended that the laws of another jurisdiction should control. Accord Ball v. Phelan, 94 Miss. 293, 49 So. 956 (Miss. 1909); Palmer v. Crews, 203 Miss. 806, 818, 35 So.2d 430, 434 (Miss. 1948); Martin v. Eslick, 229 Miss. 234, 252, 90 So.2d 635, 641 (Miss. 1956), judgment corrected, 229 Miss. 234, 92 So.2d 244 (Miss. 1957).
In Ball v. Phelan, a Tennessee domiciliary died the owner of land situated in Mississippi. When decedent's will was probated in Tunica County, the court looked to the law of the decedent's domicile to resolve the will dispute. This Court stated:
... if he [the testator] has used in his will certain technical terms to which the courts of his domicile have attached a crystallized and settled judicial meaning which has become a rule of property in that state, then such will, wherever it comes under construction in other states, will have the same meaning given those technical words which the courts of his domicile gave them.
Ball v. Phelan, 94 Miss. at 341, 49 So. at 967. Under the above enumeration, this Court, in Ball, conducted a review of the laws of the State of Tennessee in resolving the dispute over the decedent's will. In taking that action, we necessarily applied the law of decedent's domicile.
After Ball v. Phelan, this Court next addressed the issue at bar in the 1948 case of Palmer v. Crews. In Palmer, we were presented with a will, executed by a Texas domiciliary, that disposed of mineral interests in Pike County, Mississippi. The Court, in that case, looked to the law of the State of Texas to construe the provisions in question in decedent's will. In determining which law to apply, we stated:
We shall give full recognition to the rule that a will is to be construed so as to avoid intestacy as to any of the testator's property if that can be reasonably done, considering all of the language employed in the instrument itself, and such circumstances as are shown to have confronted the testator where the same may aid in the construction thereof when the meaning of the language used is not clear. Also, the well established rule that a will is to be construed according to the laws of the domicile of the testator as to the disposition intended of property in another state, unless it is clear from the instrument itself that he intended that the laws of the latter state should control, and which intention does not apply here.
Palmer, 203 Miss. at 818, 35 So.2d at 434. Once again, as in Ball, this Court applied the law of decedent's domicile to construe the provisions of the testator's will.
The final case for analysis is the 1967 case of Martin v. Eslick. In Martin, a Mississippi testatrix left a will that disposed of certain property located within the State of Louisiana. This Court applied the law of the State of Mississippi to construe the provisions in dispute in decedent's will. The court stated:

*21 By a separate and subsequent instrument dated October 27, 1936, the testatrix devised the Louisiana property to Mrs. Eslick in fee simple and nothing in this instrument is repugnant to any of the other instruments. Since there is no language in this instrument indicating an intention to the contrary, the disposition of Louisiana property by the testatrix in this document is controlled by the Laws of the State of Mississippi. See Palmer v. Crews, 203 Miss. 806, 35 So.2d 430, 4 A.L.R.2d 483, wherein the Court held that a will is to be construed according to the laws of the domicile of the testator as to the disposition of property in another state unless it is clear from the instrument itself that he intended the laws of the other state to control.
Martin, 229 Miss. at 252, 90 So.2d at 641.
Appellees admit that the above statement of Mississippi law is a general rule in determining the intent of a testator. Appellees' maintain, however, that this general rule is not applicable based upon this Court's ruling in Estate of Wilson v. National Bank of Commerce, 364 So.2d 1117 (Miss. 1978). In Wilson, a Kentucky domiciliary owned property in Oktibbeha County, Mississippi. Upon the testator's death, his will was probated first in the State of Kentucky and next in Mississippi. The question before this Court was whether claims that were disallowed in the later probate proceeding in Kentucky could be brought in the probate proceeding in Mississippi. In answering this question, this Court cited the 1925 case of Buckingham Hotel Co. v. Kimberly, 138 Miss. 445, 103 So. 213 (Miss. 1925). The court stated:
... the administration of an estate in Mississippi is not ancillary to the administration of the same estate in a foreign jurisdiction... . We followed the well established rule that the estate of a nonresident decedent who owns property in this state may be administered in the courts of this state, and such administration is not ancillary to, but is independent of all other administrations, and is to be conducted in all respects as if the decedent had been a citizen of this state when he died.
Estate of Wilson, 364 So.2d at 1122.
Appellees allege that the above language in Wilson evidences a willingness by this Court to apply Mississippi law when an estate is probated here. This argument, however, is unfounded in light of the before cited cases of Ball and Palmer. In both of those cases, the testator's will was originally probated in the state of domicile of the decedent. However, when each will was probated in Mississippi, this Court looked to the law of each testator's domicile to construe his will, not the law of Mississippi which Wilson and Buckingham would arguably require.
In light of our decisions in Ball v. Phelan, Palmer v. Crews, and Martin v. Eslick, the lower court was in error when it failed to apply the law of decedent's domicile when construing the Beauchamp will.
UNDER THE LAWS OF WISCONSIN, DECEDENT'S DOMICILE, THE WORDS "GIVE, DEVISE AND BEQUEATH", AS USED IN THE SECOND PARAGRAPH OF DECEDENT'S WILL, CONVEY AN ESTATE IN FEE SIMPLE AND ANY SUBSEQUENT PROVISION OF THE WILL ATTEMPTING TO RESTRAIN THE ALIENATION OF THE FEE SIMPLE ESTATE IS VOID.
Appellant contends that under the laws of the State of Wisconsin, it is well-established that the words "give, devise and bequeath" create an estate in fee simple when used in a person's will. To support this contention, appellant cites this Court to the 1960 case of Budd v. Hansen, 11 Wis.2d 248, 105 N.W.2d 358 (Wis. 1960). In Budd, a testatrix executed a will that disposed of real property as follows:
Second. If my beloved husband George L. Budd, shall survive me for a period of 30 days, I give, devise, and bequeath to my said husband the real estate in which we reside, being a duplex at 8208-8208-A West Center Street, Milwaukee, Wisconsin, provided, however, and subject to the condition that my said husband shall not sell, transfer, convey, assign, mortgage, or alien said real estate, *22 or any portion thereof or interest therein for a period of five years from and after the date of my death.
Budd, 11 Wis.2d at 249, 105 N.W.2d at 359. The Supreme Court of Wisconsin was called upon to construe the above language contained in decedent's will. After analyzing the will's provision, the court determined that the testatrix intended to devise her husband an estate in fee simple. In reaching that conclusion, the court stated:
It is apparent from a reading of the will and codicil as an entity that the testatrix's intention was to devise to her husband, should he survive her for 30 days, the fee simple in the real property in question. There is nothing to indicate she intended a lesser gift or devise. The language used in paragraph 2 of the testatrix's will is expressive of a devise in fee. The words and conditions following which attempt to suspend the power of alienation being inconsistent and repugnant to the estate therein created and granted under the terms of paragraph 2 of the will are void.
The devisee husband, George L. Budd, takes a fee simple estate which was created by the language first used in paragraph 2 of the will and can lawfully sell, transfer, convey, assign, mortgage or alien the same free of the conditions enforced by the testatrix.
Budd, 11 Wis.2d at 255, 105 N.W.2d at 362. The decision in Budd, according to appellant, requires that the restraint upon alienation contained in the will of George Beauchamp be declared null and void. Such a ruling, according to appellees, would be in error.
Appellees argue that Budd v. Hansen is not controlling under our facts because it was decided after the death of George Beauchamp. Appellees would show that George Beauchamp passed away on November 12, 1959, and that Budd v. Hansen was decided on October 4, 1960. Based on this, appellees contend that Budd could not control because it was not the law in effect at the time of decedent's death. This contention, by appellees, is without merit based upon the early decisions of Wisconsin's highest court.
The Wisconsin Supreme Court's ruling in Budd v. Hansen was based upon the earlier Wisconsin case of Zillmer v. Landguth, 94 Wis. 607, 69 N.W. 568 (1896). In Zillmer, the will to be construed in that action contained language on all fours with the language used in the will of George Beauchamp. The Zillmer will provided:
I do hereby give, devise and bequeath unto my children, Mary and Elizabeth, all of my property, of whatsoever kind and description, both real and personal mixed, wheresoever the same may be situated; said property, and the whole thereof, to be divided equally between by said children, Mary and Elizabeth, share and share alike, upon the express condition that they shall not have the right to dispose of said property, or any part thereof, until the oldest of my said children becomes of the age of twenty-five years; my said children, Mary and Elizabeth, to hold said property subject to such condition unto themselves, their heirs and assigns, forever.
Zillmer, 94 Wis. at 607, 69 N.W. at 568. In construing the above language of decedent's will, the court in Zillmer stated as follows:
Under the will before us, an estate in fee simple was devised to the two daughters in undivided moieties, by apt and technical words, with a condition annexed to the effect that the devisees should not convey the same; or, in other words, that all power of alienation should be absolutely suspended for a fixed period. We regard this condition as void, because absolutely repugnant to the estate granted. It now seems well settled that, when a conveyance or devise is made in fee, a condition attempted to be annexed thereto to the effect that the purchaser or devisee shall not for any period of time convey or alien the estate is void for repugnancy.
Zillmer, 94 Wis. at 609, 69 N.W. at 568. The above enumeration convinces this Court that the terms "give, devise and bequeath" have had a well-established meaning in Wisconsin dating back to 1896. Consequently, *23 the law as enumerated in Budd v. Hansen was the law in effect at the time of decedent's death.
The final argument asserted by appellees provides that under Wisconsin law, we should look not to the technical language used in a testator's will, but rather to the intent of the testator as the primary rule of construction. In support of this assertion, appellees cite this Court to the language used by the Wisconsin Supreme Court in Budd v. Hansen. That court stated:
The cardinal rule this court must subscribe to when construing a will is to ascertain the intent of the testatrix from the language of the will itself, and in the light of all circumstances surrounding the testatrix at the time she executed her will.
Budd, 11 Wis.2d at 255, 105 N.W.2d at 361.
The intentions of the testatrix in Budd v. Hansen were to prevent her husband from alienating the family residence for a period of five years. These intentions are not dissimilar to the intentions of George Beauchamp to keep the Hinds County property within his family for an extended period of time. However, as in the Budd decision, the Wisconsin Supreme Court was bound to give effect to the language used by the testatrix when devising her property. Consequently, this Court is likewise bound to give effect to the technical language used in a will when such language has a settled judicial meaning in the domicile of the decedent.
Based upon the decisions presented above, this Court is convinced that under the laws of the State of Wisconsin, George Beauchamp devised the property in Hinds County, Mississippi, to his children in fee simple. Consequently, the trial court was in error when it granted summary judgment in this matter according to the laws of the State of Mississippi. As a result, this action is remanded to the Chancery Court of Hinds County, Second Judicial District, for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and ROBERTSON and SULLIVAN, JJ., concur.
BLASS, J., dissents by separate written opinion joined by DAN M. LEE, P.J., and PRATHER, J.
ANDERSON, J., not participating.
BLASS, Justice, dissenting:
I respectfully dissent and would affirm the lower court's decision.
Pursuant to Palmer v. Crews, 203 Miss. 806, 818, 35 So.2d 430, 434 (1948) and its progeny, in construing a will the law of the testator's domicile controls;[1] however, it is basic horn book law that before a court can apply the rules of construction, it must first be determined that the will is ambiguous. See Malone v. Malone, 379 So.2d 926, 929 (Miss. 1980) (before applying rules of construction, there must exist an ambiguity); Seal v. Seal, 312 So.2d 19, 21 (Miss. 1975) (same).
The prevalent consideration in construing wills is to "ascertain and give effect to the intention of the testator." Deposit Guaranty Nat'l Bank v. First Nat'l Bank, 352 So.2d 1324, 1327 (Miss. 1977). In the administration of a testate estate, the court, after a careful analysis of the will, should decide whether the will is ambiguous or unambiguous. If the court decides it is unambiguous then the testator's intent should be given effect without applying any rules of construction. See Weems, Will and Administration of Estates in Mississippi, § 9-8 (1988). The provisions of the will in question are as follows:
SECOND. All my property, wherever located and of whatever nature, I give, devise and bequeath to my children in equal shares, the children of any predeceased child to take his parent's share by right of representation.

*24 FOURTH. The realty which I presently own, and which is farm acreage in Raymond, Mississippi, shall not be sold, assigned or transferred during the continuance of the life or lives of my children, or the child or children of any deceased child, and for thirty (30) years thereafter during the life or lives of my children, or the child or children of any deceased child now in being.
The learned chancellor, realizing that the will was unambiguous, correctly applied Mississippi law to fulfill, as closely as possible, the testator's intent. The controlling case here is In re Estate of Kelly, 193 So.2d 575 (Miss. 1967) wherein this Court applied the doctrine of approximation and upheld a restraint on alienation during a life tenancy, but invalidated a restraint exceeding the life estate. Kelly, 193 So.2d at 578. In its decision, this Court reasoned that:
[T]he doctrine of equitable approximation was applied so as to carry out as nearly as possible the intention of the donor and to preserve the purpose of the rule against perpetuities by invalidating only those interests which vested too remotely... . The underlying purposes accomplished by the rule against perpetuities and the rule against restraints on alienation are the same. By upholding the restraint upon the sale of the property in question during the lifetime of the life tenant, the dominant intention of the testator is carried out, and by not permitting the restraint to be exended [sic] beyond her lifetime, the integrity and usefulness of the rule against restraint on alienation is preserved.
Id.
In conclusion, the rule of construction, which says that in construing a will the law of the testator's domicile controls, should not be applied in the instant case because the provisions are unambiguous.
DAN M. LEE, P.J., and PRATHER, J., join this dissent.
NOTES
[1] When construing intent under a foreign will, the law of the testator's domicile controls; however, Mississippi law governs the disposition of both real and personal property situated within the state and will determine whether or not the testator's intent may be carried out. Partee v. Kortrecht, 54 Miss. 66, 70 (1876).