LEE, J., for the court.
PROCEDURAL HISTORY AND FACTS
¶ 1. This case concerns the interpretation of a will and the matter of who is entitled to certain proceeds from a lawsuit settlement. The parties involved include Howard Stanley, who is a residual beneficiary under the will, and Jeffrey Cromwell, who is the nephew of testator Amy Wright. Wright died on March 7, 1996, and at the time was a resident of Harrison County, Mississippi. Under Wright’s will, Cromwell was bequeathed Wright’s 11/24 interest in the Richbend Plantation in Louisiana, and the residuary estate passed one-half to Cromwell and the other half to Howard Stanley and his sister, Shirley Carter. Stanley later purchased Carter’s interest in the plantation in July 1997. Wright also included a provision in her will whereby if the plantation were sold or otherwise converted into assets of another nature, including cash, then Cromwell was entitled to those substitute assets.
¶ 2. Previously, in July 1993, a lawsuit had been filed by crawfish farmers on the plantation against Occidental Chemical Corporation, alleging damages as a result of a brine spill from a pipeline located on the plantation.[1] Wright, Cromwell, Stanley, Shirley Carter and others filed an intervention in the suit for damages to the plantation, seeking the market value of destroyed timber, loss of income from leases, loss of use of the affected land, costs of environmental assessments and for mental anguish, the latter claim being dismissed in 1995. In December 1997 after Wright’s death, Cromwell filed a motion to substitute himself for Wright as a party interve- *1276 nor against Occidental. In that petition, Cromwell claimed that since he inherited all of Wright’s interest in Richbend Plantation, he was the appropriate substitution. In June 1999, the suit against Occidental resulted in a settlement in the amount of $1.9 million, raising the question of who was entitled to Wright’s share of the proceeds (11/24 of which would be $436,739.27).
¶ 3. In October 1999, Stanley’s attorney filed a petition for declaratory judgment in the Harrison County Chancery Court, asking the court to declare that the proceeds from the settlement passed under the residuary clause of Wright’s will. In the chancellor’s detailed opinion, he denied Stanley’s request and found Cromwell to be solely entitled to the settlement proceeds.
¶ 4. On appeal, Stanley argues that the trial court erred in holding that Wright’s will specifically bequeathed the proceeds of the Richbend Plantation brine spill lawsuit to Cromwell, and the specific devise of Richbend Plantation did not also bequeath the proceeds of the brine spill lawsuit which accrued prior to Wright’s death. We review the arguments presented and find the chancellor did not err in his decision; thus, we affirm.
DISCUSSION OF THE ISSUES
I. DID THE TRIAL COURT ERR IN HOLDING THAT THE WILL OF AMY WRIGHT SPECIFICALLY BEQUEATHED THE PROCEEDS OF THE RICHBEND BRINE SPILL LAWSUIT TO CROMWELL?
¶ 5. With the first issue, Stanley argues that the chancellor erred in construing the Wright will in favor of Cromwell’s entitlement to the proceeds from the Occidental lawsuit. We first look to our standard of review in this situation.
This Court has a clear standard of review in an appeal where there are legal question[s] from a will contest. Typically this Court will not disturb a chancellor’s findings of fact unless the chancellor was manifestly wrong and not supported by substantial, credible evidence. This rule does not apply to questions of law. When presented with a question of law, the manifest error/substantial evidence rule has no application and we conduct a de novo review.
Mississippi State University Foundation, Inc. v. Clark, 697 So.2d 1154 (¶ 10) (Miss.1997) (citations omitted). The question of whether or not Cromwell is entitled to the settlement proceeds is a question of construction of the will and classification of the funds; thus, a question of law is involved, which we review de novo.
¶ 6. The chancellor found that at the time Wright made her will, she was aware of the spill on the land, yet did not amend her will to direct damage payments to someone other than Cromwell. After Wright’s bequest of the plantation by specific property description to Cromwell, Wright also added the following language which declared that substitute assets resulting from liquidation of the interest in the plantation also passed to Cromwell:
If the said Richbend Plantation and/or the aforesaid tract of land in Ascension Parish has been sold or otherwise converted into assets of another nature, including cash, then I give and bequeath unto my nephew JEFFREY H. CROMWELL the substitute assets resulting from liquidation of my interest in Rich-bend Plantation and/or the Ascension Parish tract, even though net proceeds from such assets may have been commingled with other assets of mine.
¶ 7. On appeal, Stanley argues that according to Mississippi law, Wright’s intent as evidenced in the will determines the disposition of personal property, which *1277 he claims included the lawsuit proceeds which would pass one-half to him under the residuary clause. Stanley further argues that Wright did not intend that the proceeds from the lawsuit settlement be classified as “substitute assets” resulting from a liquidation of Wright’s interest in the plantation, since, at the time of her death, Wright still owned the same interest in the plantation as she had always owned. Stanley maintains that what had been liquidated or converted into substituted assets were the damaged crops, craw-fish and other harvest from the plantation, and the lawsuit settlement provided separately to remedy the damage to the land. To the contrary, Cromwell points out the relationship of the intervenors including himself and Stanley with those who farmed the land. Cromwell notes that the interve-nors were made up of landowners who leased the property to various groups for different uses, including to the Lasseres who lost their crawfish crop. Cromwell also notes that when the property was rendered unsuitable for crawfish farming, the landowners did not lose a crop, rather they lost the ability to lease the property, and the intervenors’ action was not for the destruction or damage to crops but for damages to the property by diminishing its present and potential uses. Stanley and Cromwell each interpret Wright’s will in his own favor.
“For purposes of testamentary construction, it is the responsibility of a reviewing court to determine and respect the intent of a testat[rix], Where a will is susceptible to more than one construction, it is the duty of the court to adopt that construction which is most consistent with the intent of the testat [rix].” This Court has previously held “[t]he surest guide to testamentary intent is the wording employed by the maker of the will.... ”
Clark, 697 So.2d at (¶ 11) (citations omitted). The Mississippi Supreme Court has declared that we must look to both the intent of the testatrix as well as to the surrounding circumstances at the time of the execution of the will. Beauchamp v. Beauchamp, 574 So.2d 18, 23 (Miss.1990). Having previously examined the wording in the Wright will, we now look to the circumstances surrounding the construction of the will.
¶ 8. The will was drafted after the lawsuit was filed; thus, Wright had full knowledge of the suit at the time she bequeathed her interest in the plantation to Cromwell. Also, subsequent to making the will and fifteen months after the lawsuit, Wright executed a codicil, yet declined to further instruct as to how to distribute the proceeds from the lawsuit. The chancellor found that if Wright was well-aware that she would receive funds for the loss to the land, then she certainly would have included directions as to the disposition of such funds if she indeed wanted them to pass to someone other than Cromwell. The chancellor’s opinion states:
At the time of the Amy Wright will, the property had already suffered at least the brill spill of December 1992, but no lawsuit had yet been filed. We know she wanted Cromwell to have the property, but we don’t know if she knew what that meant under Louisiana law.[ ] However, the paragraph noted, which follows the property bequest, clearly shows an intent to pass the property to Cromwell regardless as to what form the property has been transmuted. The codicil, written 15 months after the lawsuit, and with knowledge of the lawsuit, reaffirms the will. Further, taking the sequence of events from the bequest and the transmutation language, to the entry into the lawsuit, and then to the codicil, the testator intended Cromwell to have Riverbend, whatever form it took. A lawsuit for damages certainly *1278 can be construed as being “otherwise converted into assets of another nature, including cash.”
Having reviewed the chancellor’s findings as well as having conducted our review de novo on appeal, we find Cromwell was the intended beneficiary of the lawsuit proceeds. The arguments presented on appeal have no merit; thus, we affirm.
¶ 9. With a second issue, Stanley argues that once the crops, timber and other fruits of the land were destroyed, they became severed from the land; thus, the lawsuit for their destruction by Occidental, likewise, concerns personalty, which he claims passed through Wright’s residuary estate. Stanley also pointed out the general common law rule that unharvested crops and dividends pass with the descent of the real property at the owner’s death, but severed crops and accretions to real property prior to the testator’s death do not pass with title to the land, but pass as part of the estate to become part of the residuary. Having found that Cromwell was the intended beneficiary of the settlement proceeds, though, we find this second issue to be without merit.
¶10. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J, KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ„ CONCUR.

. The lawsuit was styled "Stephen Lassere and Priscilla Lassere, et al v. Occidental Chemical Corporation." The Lasseres were crawfish farmers on the plantation.